**SIMPLEX WRAPPING MACH. CO. v. SCHULTZ et al.**

**No. 9871.**

Circuit Court of Appeals, Ninth Circuit.
May 8, 1942.

Rehearing Denied June 11, 1942.

Paul D. Flehr, of San Francisco, Cal. (John F. Swain, of San Francisco, Cal., of counsel), for appellant.

Adelbert Schapp, of San Francisco, Cal., for appellees.

Before GARRECHT and HANEY, Circuit Judges, and St. SURE, District Judge.

HANEY, Circuit Judge.

One Gaubert brought this action against appellees to recover for alleged infringement of patent No. 2,094,594 issued to him on October 5, 1937. Subsequently appellant, having become the owner of the alleged patent, was substituted as appellant. The court below held the claims in issue (Claims 2, 3, 5, 8, 14, 18 and 19) to be anticipated and invalid. From a decree to that effect, this appeal followed.

The patent in issue relates to a machine for making bags from "Cellophane". The machine has two parts: (a) The folding mechanism; and (b) the sealing mechanism. The folding mechanism consists of (1) a table; (2) a plate-like mandrel which is hinged at the back and may be lowered in order to hold a sheet of Cellophane against the table; (3) means for folding

the sides of the Cellophane which extend beyond the edges of the mandrel, consisting of a flat metal strip on each side of the mandrel which move over the top of the mandrel, thus causing the edges of the opposite sides of the sheet to overlap at the center of the mandrel; (4) a narrow strip of flat metal on each side of the mandrel each of which strips moves toward the other and on top of the Cellophane folded over the mandrel, thus holding the Cellophane near the end of the mandrel so that the ends of the folded Cellophane may be folded toward the other end, thus closing the bottom; and (5) means for folding the end margin mentioned, which consists of a flat strip of metal under the bottom piece of Cellophane, which moves upward and forward, then downward, thus folding the ends.

If one piece of Cellophane is placed on another, and heat and pressure applied, the pieces will fuse together at that point. The sealing mechanism of the patent in issue utilizes that method of sealing, and consists of (6) a T-shaped heated piece of metal, hinged at the back, which descends and presses against the Cellophane on the mandrel at the places where there is an over-lap, and thus seals the bag.

Of the claims in issue, only Claim 3 includes the fourth element described above. Claims 3 and 8 do not include the sealing mechanism. Of the six elements above described, Claim 2 omits the fourth, Claim 3 omits the sixth, Claim 5 omits the fourth, Claim 8 omits the fourth and sixth, Claim 18 omits the first and fourth, and Claim 19 omits the fourth. Claims 2, 5 and 19 are practically identical, using different words to describe the same elements. Claim 14 is a process claim and includes as the steps in the method, the use of elements 2, 3, 5 and 6.

Machines for making bags have existed for many years. Hotchkiss patent No. 135,275, issued January 28, 1873, covered a machine for making a bag with a square or oblong shaped bottom. With the exception of the fourth element described above, it contained all the elements of the folding part of the Gaubert patent. There were, of course, some differences. Hotchkiss' mandrel was shaped like a rectangular box. Appellant contends that such fact distinguishes the Hotchkiss patent from that of Gaubert. The difference between a box, used by Hotchkiss, and a plate like a lid for such box, is one of

form only. A change in the size of an element is not invention. Keszthelyi v. Doheny Stone Drill Co., 9 Cir., 59 F.2d 3, 8. Claim 8 of·the patent in issue includes nothing which was not disclosed by Hotchkiss and is, therefore, invalid.

Claim 3, in issue here, is the same as Claim 8, except that it includes the fourth element mentioned above which consists of metal strips over which the end of the Cellophane is folded. Appellant places great stress on that element as being the distinguishing feature of the invention here, saying that unless the Cellophane on the top of the mandrel is held in position, it will wrinkle when the end-fold is made, and that the folded end of the Cellophane is fused to the side of the Cellophane on top of the mandrel, and not also to the side of the Cellophane on the bottom of the mandrel. Whatever may be said as to the result obtained with the use of the strips, it is clear that their use is not indispensable, because appellant claims them in only one of six claims.

The device of Hotchkiss disclosed means for folding the end portions to make a bag with a square or rectangular end. Two sides of the end are folded inward, then another side is folded inward and on top of the preceding folds, and the folder holds the third fold until the last side is made on top of all preceding folds. The folder which makes and holds the third fold is described in the Hotchkiss specification as "a thin plate of metal adapted to remain and hold the paper folded down by it until the lower part * * * is folded up over it, and then withdrawn just in advance of the said lower part as it is pressed on the upper part from below * * *" Appellee contends that such folder is exactly like Gaubert's fourth element. Appellant contends that the folder of Hotchkiss was not intended to be a support for the last fold, but was intended merely to hold the third fold so that the last one would be on top thereof.

It is not at all clear from the specification of Hotchkiss whether appellant's contention is true or untrue. It is clear that if the contention is true, the folder would serve the purpose of Gaubert's fourth element. As previously stated, a change in size would not be invention. Instead of having the folding lip as a part of the folder, however, Gaubert has separated the two parts. The Hotchkiss element combines the two into one part. The

140

mere separation of one part into two does not constitute invention. Smith Cannery Machines Co. v. Seattle-Astoria I. W., 9 Cir., 261 F. 85, 89. Likewise, "Position, rearrangement and transposition of parts do not alone spell invention". General Machinery Corp. v. Clearing Mach. Corp., 7 Cir., 104 F.2d 553, 556. For these reasons we think Claim 3 is invalid.

Claims 2, 5, and 19 claim all elements above mentioned except the fourth. Claim 18 omits the first and fourth. All these claims would be invalid for the reasons above stated unless by combining therein the sixth element, invention is shown. The sixth element is the sealing mechanism. In two of the claims, the sealing mechanism is described as a T-shaped heater, in one as a heated surface, and in the other as a heater. We do not regard the difference in description as significant. The form or shape of the heater is something anyone skilled in the art may change at will.

The making of a bag requires material to be folded and then sealed in order that the material will stay folded. The folding mechanism may and will operate regardless of whether a sealing mechanism is combined with it or not, and the sealing mechanism will operate regardless of whether it is combined with the folding mechanism. The two are in fact independent parts, though both are required to complete a bag.

Hotchkiss used a paste-method of sealing the bag. Hunt patent No. 515,121, issued February 20, 1894, relates to a method of making "wax-lined bags". Sealing is accomplished by "applying a heated presser to the paper where it overlaps". Becker patent No. 1,780,142, issued October 28, 1930, discloses a method or process of packaging articles in Cellophane, consisting of "the use of a hot sealing and pressing operation which adhesively secures the material together". Thus it is quite clear that sealing by pressure and heat was not new, and appellant does not contend that it was. Appellant does contend that by use of an element which seals the bags by heat and pressure in combination with the folding mechanism, a patentable combination exists. By combining the folding mechanism with the sealing mechanism, no joint action by them was obtained. Each part did only that which it could do separately. As such, the "patented device results from mere aggregation of two old devices, and not from invention or discovery". Toledo Co. v. Standard Parts, 307 U.S. 350, 356, 59 S.Ct. 897, 899, 83 L.Ed. 1334. We therefore believe that claims 2, 5, 18 and 19 are invalid.

Claim 14 is a process claim covering the method of making bags from Cellophane by the following steps: (1) Folding the side margins of a sheet of Cellophane over the side edges of a mandrel; (2) folding the end margin of the Cellophane over the end of the mandrel; and (3) sealing by heat and pressure. From what has been said, it is apparent that bags have been made by the method described for many years. Hunt used a mandrel and sealed by heat and pressure. The fact that his method was also adapted to the making of bags with square or rectangular ends thus requiring four folds instead of one, is, we think, without significance.

Affirmed.