RY-LOCK COMPANY, Ltd., a Corporation, Appellant,

v.

SEARS, ROEBUCK & CO., a Corporation, Appellee.

No. 14144.

United States Court of Appeals Ninth Circuit.

Nov. 21, 1955.

Rehearing Denied Dec. 27, 1955.

Webster & Webster, Percy S. Webster, Stockton, Cal., Naylor & Neal, James M. Naylor, San Francisco, Cal., for appellant.

John L. Wheeler, Los Angeles, Cal., Frank E. Liverance, Jr., Grand Rapids, Mich., for appellee.

Before BONE and POPE, Circuit Judges, and MURRAY, District Judge.

POPE, Circuit Judge.

The appellant, here called Ry-Lock, as assignee of the inventor and patentee, brought this suit for infringement of letters patent No. 2,380,794, which was issued for a "tensioning and locking device for frameless window screens." The defendant, Sears, Roebuck & Co., here called Sears, was charged with selling tensioning and locking devices for frameless window screens which infringed Ry-Lock's patent. The sales occurred at Sear's store at Sacramento, California.

Upon the trial below the court found that Ry-Lock's patent was void for want of the required novelty, utility and advance in the art; that the patented device was anticipated by earlier patents, and entered judgment for the defendant Sears.

The subject matter of the patent concerns a combination made up of a "sill-bracket" and a "tension arm". The drawings and specifications show that the sill bracket is a metal part which is secured by screws to the sill of the window upon which a frameless window screen is to be installed. It is so designed as to provide an opening for the insertion of a bolt with wing-nut extending

upward from the sill bracket. A special feature of the sill bracket is that at the end, toward the inside of the window, there is an upturned flange forming a fulcrum. The tension arm is rigidly fixed by rivets or other means to a metal bar or flange across the bottom of the screen and just above the portion of the flange which is designed to make tight contact with the window sill. This tension arm extends in the direction of the inside of the window and is so located that it will fit over the upturned flange or fulcrum portion of the sill bracket previously described. It is provided with a longitudinal slot through its center so as to accommodate the bolt in the sill bracket. The outer ends of the tension arm (one on either side of the slot) are turned down so as to hook or project over the upturned flange or fulcrum on the sill bracket. When the tension arm is in this position on the sill bracket, the wing-nut on the bolt may be tightened and thus tension placed upon the top of the tension arm which in turn puts tension on the screen and brings the flange at the base of the screen structure into contact with the window sill at the base. Because the innermost portion of the tension arm is hooked over the fixed fulcrum, the turning of the wing nut and tightening of the bolt gives the tension arm a rocking movement the effect of which is not merely to tighten the screen but to move the screen snugly against the blind stop along the vertical sides of the window. Thus the bottom of the screen moves flush against the sill and the sides of the frameless screen are brought to fit closely against the blind stop and eliminate any openings for the admission of insects. The rocking motion described is readily possible because the slot in the tension arm is a longitudinal one.

About the time the patent was granted in 1945, Ry-Lock began manufacturing and selling its device, which met with great commercial success. In the years from 1946-50, Sears purchased and sold it. It advertised the device as being of a "revolutionary new style" and as having numerous points of superiority over other devices for installing window screens. The specifications for construction contracts proposed to be let by the United States Government used a reference to these Ry-Lock devices as basis for the product called for in the specifications requiring that "Tension type screens shall be a standard product of an established manufacturer, similar or equal to the approved Ry-Lock tension screens as manufactured by the Ry-Lock Company, Ltd., San Leandro, California."

At the time the patent was issued and Ry-Lock's manufacture of these screens began, there was nothing on the market which in any manner resembled the Ry-Lock device. A Columbia frameless window screen was manufactured, but the mode of tension there provided for was through the use of a lever attached to the side of the flange to which the bottom of the screen was attached. The lever hooked over the heads of screws in the window sill and the screen was tensioned by a simple push of the lever. It bore no resemblance to Ry-Lock's patented device.

Considered by itself in the light of what had been previously manufactured and used or what had been commercially available, it would appear that the Ry-Lock device was both new and useful and measured up to the ordinary standards of invention. The trial court's finding of invalidity appears to have been based upon its belief that the claimed invention had been substantially anticipated in prior art patents to which the court alluded in its findings. The primary question here is therefore with respect to Sears' claim of anticipation.

In this connection it should be noted that after Ry-Lock had put in its proof consisting of numerous exhibits disclosing its patent, operating models thereof and fabricated parts, together with oral evidence explaining the history of the invention, the manner and mode of using the device and its commercial success, and had introduced evidence of the claimed infringement, Sears in presenting its defense limited its proof to the printed copies of the earlier United States let-

ters patent and relied upon these prior patents to establish the claim of anticipation, without any attempt to support that claim by testimony of experts or other witnesses. No physical representations or samples of the devices described in these prior patents were produced and it does not appear that any of the claimed anticipating devices were ever manufactured or sold. We note therefore that the findings of the trial court with respect to anticipation were based solely upon these paper patents unsupported by any testimony of witnesses in open court. It follows that we are in as good a position as was the trial court to consider and evaluate the anticipatory effect of the patents brought forward by Sears.

The two patents in which the district court found anticipation were Norquist No. 1,705,132 and Boomershine No. 1,-895,309. The Norquist patent was for a window screen, part of which disclosed a means of tensioning or tightening the frameless screen. The drawings and specifications of Norquist show brackets affixed to the inner side of a cross bar at the lower end of the screen; extending vertically through these brackets is a pin, the lower end of which is flared and enlarged so that it may be slipped into a slot provided in the outer side of a three cornered latch screwed to the window sill. The upper end of the pin is threaded so that it may accommodate a collar which can be turned by hand on the threads. Between the collar and the top of the bracket a spring is slipped over the pin so that when the collar is turned upon the threads the spring is tightened and presses down upon the brackets thus giving tension to the screen.

Except for the fact that turning the collar upon the threads will furnish tension and tighten the screen, this Norquist device appears to have little resemblance to Ry-Lock's combination for Ry-Lock utilizes the principle of a lever operating upon a fulcrum, and the tightening of the bolt with a wing nut furnishes the rocking action which not only creates

downward tension but makes the screen taut against the blindstop. Ry-Lock's device thus utilizes an anchor type fulcrum upon which operates a tension lever arm with the turned-over "detents" which hold the lever arm in proper relation to the fulcrum, and furnishes means for pressure which supplies both vertical tightness and longitudinal tautness.

Boomershine, the other patent upon which the trial court's finding of anticipation is based, appears to have even less resemblance to any principle applied by Ry-Lock. It is true that it deals with flexible material which might include a screen. It is entitled "Stretching and securing means for flexible material". It shows a means of fastening a screen or other flexible material on a window frame. As that material is brought over the square edge of the frame it is made taut and stretched by the use of a lever-like device through which a screw is inserted. The lever is shaped like a dogleg and its lower end is pressed against the outer portion of the extended screen; then as the screw is tightened it brings the other end of the lever down upon the screen furnishing additional tension drawing the screen tighter over the frame.

It is true that Ry-Lock utilized the principle of a lever in the manner we have previously described. It is also true that the principle of the lever is probably as old as the oldest mechanical art, but it must be borne in mind that Ry-Lock's patent was for a combination. There is no doubt but that the various parts utilized by Ry-Lock were, separately considered, old, but we think that the mere fact that Norquist utilized a collar operating on threads in a pin, and that Boomershine utilized the lever in an entirely different type of operation, is not sufficient to establish the defense of anticipation sought to be set up by Sears. Each of the elements making up Ry-Lock's combination performs a substantial and necessary function in bringing about new results. Winslow Engineer-

ing Co. v. Smith, 9 Cir., 223 F.2d 438.[1] In our view there is invention here, for the whole of what Ry-Lock has produced exceeds the sum of its parts, and it measures up to the standards of invention which this court has approved in the Winslow case, supra. Indeed, we are of the opinion that the finding of want of invention and of anticipation which the trial court made was inherently defective and insufficient. It is set forth at length in the margin.[2]

This invention, made up by combination of elements, in a manner which was sufficiently new and novel to measure up to the accepted standards of invention, was not, in the language of Himes v. Chadwick, 9 Cir., 199 F.2d 100, "a mere aggregation of a number of old parts". Hence, a finding which, as here, picks out one element in one prior patent and another element in another prior patent as a demonstration of anticipation, is manifestly insufficient to overcome the presumption arising from the issuance of the patent, a presumption reemphasized by the existing Act. 35 U.S.C.A. § 282.[3]

█ We hold therefore that the findings of lack of invention and of anticipation are clearly erroneous. Sears wholly failed to present a case to justify the findings made. The record compels a finding that the patent was valid.

The question of infringement remains. The evidence in our judgment so clearly demonstrates infringement that a finding of no infringement on this record would have been clearly erroneous.

A consideration of the models and drawings of the accused device shows that all of the features above described which are basic to the combination of elements which the inventor of Ry-Lock's patent has assembled are utilized in the accused device. In that device we find the anchor type fulcrum, substantially the same tension lever arm, the same means for pressure, and the same action designed to make the screen taut against the blind stop, all assembled in a combination which in substance is not to be distinguished from that which belongs to Ry-Lock. There are certain immaterial variances in these elements in the accused device, which as made up appears to be merely an inferior imitation of Ry-Lock's patent. The sill bracket screwed to the window sill, like that of Ry-Lock, has an upturned flange forming a fulcrum. Instead of being a wide flange over which the tension arm detents are fastened, it has the equivalent in the form of a narrow upturned flange over which a circular opening in the lever tension arm fits. The variances in the assembly are spurious departures. The lever tension arm has a shorter longitudi-

1. Rehearing has been granted in that case limited to points other than the one for which it is here cited.

2. "2. Patent No. 2,380,794 is a patent for a tensioning and locking device for frameless window screens and is in a crowded field of that art. Such patent combines elements old in the art of frameless screens, in substantially the same way as the patent to Norquist et al., No. 1,705,132, differing therefrom only in the substitution of a simple lever secured at one end to the lower edge strip of the screen cloth and fulcrumed at its end farthest away from its point of attachment, instead of being free at such end as in Norquist et al., but getting a tensioning of the screen in the same direction by a sill anchored bolt extending upwardly having a tensioning nut thereon above such arm or lever like Norquist et al. Such fulcrumed lever, tensioned

in the same manner and for the purpose of tensioning a screen, is not new, being shown in the earlier patent to Boomershine, No. 1,895,309. The Rust patent No. 2,380,794 does not represent discovery or invention within the meaning of the patent law, and any changes made over the Norquist patent represents only the mechanical skill of one conversant with and skilled in the art, having available in the art, teachings of the changes made. The structure described and claimed in patent No. 2,380,794, lacks such patentable novelty, utility and advance in the art of tensioning and locking devices for frameless window screens as is necessary to establish invention."

3. "A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it."

nal slot sufficient to permit the bolt to accommodate the rocking action called for by the Ry-Lock patent; the lever tension arm is not fastened rigidly to the lower crossbar of the screen but is merely hooked over that crossbar. Like the lever tension arm of Ry-Lock it is channel shaped and the ends of the side flanges forming the channel are notched at the end nearest the screen to permit them to be hooked over the crossbar. This lever tension arm in the accused device is more flimsy and would appear to be more difficult to assemble than that of Ry-Lock, but it produces "substantially the same result in substantially the same way" and infringement results. Royal Typewriter Co. v. Remington Rand, 2 Cir., 168 F.2d 691, 692.

In view of the clear proof of infringement, we hold that the judgment must be reversed and the cause remanded to the district court with directions to enter judgment in favor of the plaintiff Ry-Lock and against the defendant Sears with an injunction against a further infringement by the defendant. The court is further directed to proceed to an accounting of plaintiff's damages and to an assessment of costs against the defendant.