Clarence H. **STEVENSON, III**, an individual, and **FMC Corporation**, a Delaware corporation, Plaintiffs,

v.

**LAMSON CORPORATION**, a New York corporation, Defendant.

No. 37800.

United States District Court
N. D. California, S. D.

Nov. 15, 1962.

Lyon & Lyon, Leonard S. Lyon, Jr., Earl L. Martin, R. Douglas Lyon, Los Angeles, Cal., Flehr & Swain, Paul D. Flehr, John F. Swain, Harold C. Hohbach, Aldo J. Test, Elmer S. Albritton, San Francisco, Cal., for plaintiffs.

McCutchen, Doyle, Brown & Enersen, Morris M. Doyle, Albert J. Moorman, San Francisco, Cal., Theodore E. Simonton, Cazenovia, N.Y., for defendant Lamson Corp.

HARRIS, Chief Judge.

Plaintiff, owner of a patent, No. 2,815,846, issued upon a conveyor device used for controlling articles traveling over rollers so as to build a prearranged pattern on the pallet to be loaded by the total mechanism by means of a maneuverable obstruction on the roller passage, has brought this suit against defendant for infringement. By stipulation, the parties limited the action to a consideration of claims 1, 14 and 18, conceding that infringement exists if these claims are held valid. The issues in the case are fundamentally simple.

Defendant contends the patent is invalid for two reasons:

1. the combination defined in the claims and referred to as the turning pin, was obvious and anticipated by the prior art;

2. the delay in making the claims which led to the issuance of the patent and the arising of intervening adverse rights in defendant preclude recovery against defendant.

Except for the Bruce turntable, covered in Bruce Patent No. 2,633,251, nothing in the prior art solves the problem of proper orientation of articles to be palletized. The history of efforts of those in the industry to meet the needs shows failure until plaintiff developed his turning pin which gained prompt and wide acceptance. Plaintiff's combination is not suggested by German Patent No. 479,675 nor by Montgomery (1,028,766), Spellacy (2,120,314) or Sahlin British Patent No. 118400, all of

which defendant relies upon to establish lack of invention.

The patent office considered both the Bruce and the German patents and in substance reviewed the very art relied upon by defendant; yet it concluded that plaintiff, through a new combination, had invented a turning pin that was entitled to protection. Plaintiff's combination is distinct from that taught by Bruce as to function, structure and operation.

There is ample evidence in the record to support plaintiff's contention that his invention satisfies the objective criteria of invention, namely, reliability, speed and simplicity in the operation of a pallet loading mechanism which met a long felt need in the industry—a need not satisfied by the slow moving commercially unsatisfactory Bruce turntable with its capacity of fifteen cartons per minute and its effectiveness limited as to type of carton.

Plaintiff, as owner of the patent, enjoys the presumption of its validity and defendant has the burden of proving otherwise by clear and convincing evidence. Beatty Safway Scaffold Co. v. Up-Right, Inc. (9th Cir.) 306 F.2d 626. A consideration of the prior art relied upon by defendant and that cited by the patent office indicates that the distinctions are not material and are inadequate to overcome the presumption of validity. Cf. Neff Instrument Corp. v. Cohu Electronics, Inc. (9th Cir.) 298 F.2d 82.

By the standards expounded in Safety Car Heating & Lighting Co. v. General Electric Co., 2 Cir., 155 F.2d 937 and followed in Hughes Blades, Inc. v. Diamond Tool Associates (9th Cir.) 300 F.2d 853, plaintiff has established invention. Not only has he enjoyed commercial success but also he has solved a long felt need in the industry through a device which functions efficiently, swiftly and without complication.

Plaintiff contends that even from a subjective standpoint, he is entitled to protection of his invention. The record supports his assertion that the turning pin combination, while admittedly simple, achieved results and advantages which could not be foreseen readily and which are properly classified as invention. Nor is it correct to launch an attack on a single element in the combination as defendant tends to do in challenging the invention which is a package consisting of conveyor, obstruction means controlled for selective operation, the combination functioning to produce interlocking patterns on the pallet loader as predetermined by regular programming. See Aro Manufacturing Co. v. Convertible Top Replacement Co., 365 U.S. 336, 81 S.Ct. 599, 5 L.Ed.2d 592; Ry-Lock Co. v. Sears, Roebuck & Co. (9th Cir.) 227 F.2d 615; Pursche v. Atlas Scraper and Engineering Co. (9th Cir.) 300 F.2d 467. The elements described in Sahlin and Spellacy are not equivalents of those in plaintiff's patent and do not function in substantially the same way. Thus they do not anticipate plaintiff's invention.

■ Perhaps the highest tribute which could be paid to plaintiff's patent is the adoption by the defendant of the device which is challenged in the case at bar. This in itself is strong evidence of invention.

■ With respect to the defense of invalidity based upon the development of intervening adverse rights, the court finds that plaintiff acted in a manner prescribed by patent statutes and at no time did he relinquish his rights to defendant because of its adoption of a similar device in late 1948, shortly after plaintiff filed with the patent office. Under 35 U.S.C.A. § 120 and 121, as set forth in the Patent Act of 1952, plaintiff protected his rights during those lean years when he recited in his initial applications the full scope of the claims which ultimately resulted in the patent in suit after a divisional application was submitted. Carson v. American Smelting and Refining Co. (9th Cir.) 4 F.2d 463; Wire Tie Machinery v. Pacific Box Corp. (9th Cir.) 102 F.2d 543. The cases are consistent in following the language

of the statute which precludes defendant from gaining adverse rights through its use of the invention during the years that plaintiff processed his application and his later divisional application when this procedure was indicated by the patent office.

 Viewed objectively or subjectively, plaintiff has established the validity of his patent and its effectiveness against defendant despite the length of time necessary to obtain its issuance and the stages followed by him in processing the divisional application.

ACCORDINGLY, IT IS ORDERED that judgment be entered in favor of the plaintiff who shall prepare findings of fact, conclusions of law and judgment consistent with this opinion.