Ralph F. STALLMAN, Plaintiff,

v.

CASEY BEARING COMPANY, Inc., a corporation, et al., Defendants.

No. 33567.

United States District Court
N. D. California, S. D.

July 31, 1956.

Albert D. Elledge, George B. White, San Francisco, Cal., for plaintiff.

Naylor & Neal, Jas. M. Naylor, San Francisco, Cal., Mueller & Aichele, Foorman L. Mueller, Chicago, Ill., for defendants.

GOODMAN, District Judge.

This patent infringement suit was tried before a jury. Upon the conclusion of the evidence, defendant moved for a directed verdict in its favor on the ground that the claims in suit were invalid as a matter of law. Believing that the question tendered by the motion warranted a careful study which could more conveniently be made, if necessary, upon a motion for judgment notwithstanding the verdict, the Court denied the motion for a directed verdict and submitted the cause to the jury. The jury returned a verdict that the four claims in suit were valid and infringed. Defendant thereupon moved for judgment notwithstanding the verdict. An appraisal of the entire record in the light of the oral and written arguments upon the motion, compels the conclusion that the claims in suit are invalid as a matter of law and that the verdict must be set aside and judgment entered for defendant.

The patent in suit, No. 2,334,227, is a combination patent for a roller bearing.[1] Plaintiff's bearing has the basic components common to all roller bearings— two concentric cylindrical races and a number of rollers resting in and substantially filling the space between the races. The significant feature of plaintiff's bearing is the means employed to prevent endwise movement of the rollers and thus confine them in place between

1. Although the specification of plaintiff's patent described his bearing structure as particularly suitable when rollers of the needle type are to be employed in the bearing, it states that the structure is equally adaptable to rollers of all dimensions.

the races. Commonly, endwise movement of the rollers is prevented by providing one of the races with a flange at each end. Plaintiff prevents endwise movement of the rollers by providing one of the races with a central rib which projects into a groove indented into the middle of and circumscribing each roller. This central guide rib may be formed as an integral part of the race or may consist of a separate ring resting in a groove in the race of lesser depth than the thickness of the ring.

The use of a central guide rib to hold the rollers in position affords a number of advantages. The controversy regarding the validity of plaintiff's patent centers around one of these advantages, to wit, the ability of the central guide rib to correct skewing of the rollers. Skewing means the misalignment of a roller with its axis of rotation when the bearing is in operation. Skewing results when, because of a greater load pressure on one portion of the bearing than another, the forward movement of one end of a roller is retarded while the other end moves ahead. In the ordinary roller bearing having a flange at each end of one of the races to maintain the rollers in position, the flanges will limit the degree of misalignment of the rollers, if they skew. But there is no means to restore them to proper alignment. So long as the load pressure on the bearing remains unequal, the skewing will continue and the misalignment may become so pronounced as to produce destructive heat and friction.

If a roller which is held in position by a central guide rib skews, the shoulder of the roller's central groove, which is nearest the forward end of the roller, will contact the guide rib. Sufficient friction will be produced at the point of contact to retard the movement of the forward end of the roller permitting the other end to catch up. The roller will thus be immediately restored to proper alignment. In order that the central guide rib may function in this manner to correct skewing, it must be placed on only one race and that race must be the one which is stationary when the bearing is in operation.[2]

Plaintiff was not the first to employ a central guide rib on one of the races of a roller bearing to maintain the rollers in position. United States patents No. 1,885,914, to Heim, and No. 585,580 to Kempster, both describe a roller bearing having a central rib on its *outer* race projecting into a central groove in the rollers to maintain them in position. United States patent No. 747,324, to Kempster, claims a central guide rib on both the inner and outer races. A variation of this construction wherein only the *inner* race is provided with the central guide rib is suggested by the specification of this patent and illustrated in figures 4 and 5 of the drawings.[3] These three prior art patents do not claim the correction of skewing as one of the advantages of the central guide rib. Nor do they indicate that it is of any consequence whether the central guide rib is

2. Whether the central guide rib actually functions in the above-described manner to correct skewing, and, if it does so, whether its placement on the stationary race of the bearing is essential to this function, were both vigorously contested issues of fact at the trial. For purposes of the present motion, the facts are taken to be in accordance with the contentions of plaintiff.

3. The structure of the Heim bearing differs from that of plaintiff's bearing in that the outer race of the Heim bearing is formed in two sections arranged in alignment. But, this feature is for convenience of manufacture, and is obviously not necessary for the operation of the bearing. The claims of Kempster patent No. 585,580 include separator disks between the rollers as an element of the bearing. Separator disks are not employed in plaintiff's bearing. Five of the claims of Kempster patent No. 747,324 include such separator disks, but claim 6 does not, and the specification states that the separators may be entirely dispensed with, if so desired. It is apparent from a consideration of both Kempster patents that the separators would also not be necessary to the operation of the bearing described in Kempster patent No. 585,580.

on the stationary or the rotating race when the bearing is in operation.

Plaintiff claims that he achieved invention in being the first to perceive the advantage of the central guide rib as a means of correcting skewing and to specify that the rib must be placed on the stationary race if this advantage is to be realized.[4] However, in specifying the placement of the central guide rib on the stationary race, plaintiff does not call for any different combination of elements in the bearing structure itself than is revealed in the prior art. Which of the two races of a roller bearing will be stationary when the bearing is in operation depends upon the use to which the bearing is put. In some applications the outer race of the bearing will be stationary and the inner race will rotate; in other applications the inner race will be stationary and the outer race will rotate. Both applications requiring inner-race rotation and those requiring outer-race rotation are old and common. In order to produce bearings which would conform to plaintiff's description one would simply have to make two types of bearings—one type with the central guide rib on the inner race and the other type with the rib on the outer race. The bearing with the rib on the inner race could then be supplied for applications requiring outer-race rotation, and the bearing with the rib on the outer race could be supplied for applications requiring inner-race rotation.

But, as has been noted, the prior art reveals both a bearing with the central guide rib on the outer race and a bearing with the guide rib on the inner race. Either type of these bearings could be appropriately employed in applications in which the race having the guide rib would be stationary.[5]

█ It is apparent that the extent of plaintiff's contribution to the art was to point out that old devices had a theretofore unperceived advantage which would be realized in *some* old and common applications, but *not* in others. In the words of the Supreme Court in General Electric Co. v. Jewel Incandescent Lamp Co., 1945, 326 U.S. 242, 249, 66 S.Ct. 81, 84, 90 L.Ed. 43, "that did not advance the frontiers of science in this narrow

4. Actually plaintiff's patent does not make it clear that the skewing correcting function of the central guide rib depends upon its placement on the race which will be stationary when the bearing is in operation. Eight of the patent's nine claims specify the placement of the central guide rib on the stationary race. Claim 9, one of the four claims in suits, does not. The specification of the patent does not indicate that the claims which specify the placement of the central guide rib on the stationary race, do so because such arrangement is necessary if the rib is to function to correct skewing. The specification merely states, without explaining why, that it is preferable that the central guide rib be placed on the race which will be stationary in operation. Consequently, defendant contends that plaintiff's patent is invalid for failure to adequately describe his invention as required by statute. 35 U.S.C. § 33 now §§ 111, 112. As well, defendant contends that, since the provision that the central guide rib be placed on the stationary race was added to claims one through eight by way of amendment, such claims are void

as claims for new matter unsupported by a supplemental oath.

Although there is merit to both of these contentions, we do not reach them in view of the conclusion that plaintiff's patent is invalid for lack of invention.

5. The Heim patent and the Kempster patent, No. 585,580 for a bearing with the central guide rib on the outer race both illustrate the bearing as it might be employed in the hub of a wheel. If the bearing were so employed, the outer race having the central guide rib would be the rotating race. But, there is nothing in the specification of either patent to suggest the bearing could not be employed as well in applications wherein the outer race would be stationary.

The Kempster patent, No. 747,324, which depicts in figures 4 and 5 a bearing with the central guide rib on the inner race, does not illustrate any application of the bearing. But, the specification states that the bearing design is especially appropriate for sheaves of pulley-blocks and wheel-hubs. In these applications, the inner race with the central guide rib would be stationary.

field so as to satisfy the exacting standards of our patent system. Where there has been use of an article or where the method of its manufacture is known, more than a new advantage of the product must be discovered in order to claim invention." This is so even though the recognition of the new advantage may benefit industry and bring new commercial success to the product.

Thus, solely from the comparison of the prior art with the teaching of plaintiff's patent, without weighing the testimony of any witnesses, expert or otherwise, the only reasonable conclusion that can be drawn is that the patent is invalid. The verdict of the jury must therefore be set aside and judgment entered in favor of defendant. Cutter Laboratories, Inc., v. Lyophile-Cryochem Corp., 9 Cir., 1949, 179 F.2d 80, 84.

Present judgment accordingly.