**OSWELL v. BLOOMFIELD et al.**

**No. 7085.**

Circuit Court of Appeals, Seventh Circuit.

June 24, 1940.

Walter J. Sampson and Max Richard Kraus, both of Chicago, Ill., for appellant.

Albert G. McCaleb, Arthur Nelson Cornell, Thos. F. McWilliams, all of Chicago, Ill., for appellees.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellant charged appellees with the infringement of United States Patent No. 1,983,187 to Oswell. The patent was issued on December 4, 1934, upon an application filed April 23, 1934. The defenses were invalidity and non-infringement. Claim 1 was in issue, and the court found that it was invalid for lack of invention.[1] It is also found that the claim was not anticipated by the patents set up in the defendants' answer; that the claim was for a combination and not for an aggregation; and that it was infringed by the defendants' device. From that part of the decree which holds the claim invalid, this appeal is prosecuted.

The patent in suit relates to a lunch counter set-up rack for holding in proper position sugar bowls, pepper and salt shakers, sauce bottles and the like, and also for receiving and holding menu cards in convenient position. Its object is to provide a rack which is relatively simple in construction, inexpensive to manufacture, and convenient to be applied to or removed from the counter, thus permitting the counter to be washed, painted or finished. The device, insofar as it is designed to perform the function of keeping the condiment containers and the like in place, consists of two pairs of uprights detachably secured to a counter and spaced apart, with a series of horizontally disposed rails secured to the uprights. The outer ends of these rails are bent inwardly to provide an enclosure for the condiment containers and the like, and to prevent them from being

---

[1] "In a counter set-up rack, a pair of uprights, each comprising a pair of members, means for anchoring the lower portions of said uprights to the edge of a counter, one member of each upright having a shoulder that rests on top of the counter, a spring arranged between the members of each upright and connected to one of said members and a series of horizontally disposed rails connected to one member of each upright."

accidentally knocked from the counter. The menu-receiving portion of the device is a spring of resilient metal between the members of each set of uprights. The intermediate portions of these springs are bent toward and normally engage directly against the intermediate portions of the inner upright of each set in order to engage with pressure against the menu cards that are inserted between the two upright members of each set. Thus, the condiment containers and the like are positioned against the rack between the curved ends of the lower rails and the menu cards are inserted between the two members of each pair of uprights, and are yieldingly held in such position by the pressure of the springs.

■ The District Court held the claim invalid for lack of invention over certain exhibits introduced in evidence by defendants. Some of these exhibits were United States Patents 1,403,368 to Allen; 1,608,401 to Kress; and 1,555,541 to Wright. The other exhibits referred to were disclosed in the catalog of Sani-Products Company, and in the May 1924 issue of the American Restaurant Magazine. These disclosures were made during the years of 1924 to 1932 inclusive. They disclose various forms of counter set-up racks and menu-holding clips, both separately and in combination. It is obvious that Oswell merely combines a counter set-up rack with a menu holder, as does the Allen patent. We quite agree with the District Court that invention was not involved in Oswell's disclosure. There were no new elements involved therein, and we think that they produce no new result. The device does not exhibit a very high degree of mechanical skill, to say nothing of ingenuity.

Appellant further contends that the court erred in considering certain of the exhibits which were neither pleaded in appellees' answer, nor was previous notice thereof given to appellant. In support of this contention, appellant relied on R.S. section 4920, 35 U.S.C.A. § 69. Under this section appellant contends that publications, patents and exhibits introduced at trial by the defendants, without previous notice, are admissible only for the purpose of showing the state of the art in determining the construction to be given to the claim. Hence, it says that such exhibits may not be considered by the court for the purpose of determining the validity of the claim and invalidating it. Appellees, on the other hand, contend that the court is not only warranted in considering such evidence but is bound to consider the whole of the prior art to determine whether the patentee, in view of the state of the art, has made an invention.

■ We think appellant's contention in this respect is not sound. Proof of the state of the art is always admissible to show want of invention regardless of whether or not that defense is pleaded. Dunbar v. Myers, 94 U.S. 187, 24 L.Ed. 34; Reckendorfer v. Faber, 92 U.S. 347, 23 L.Ed. 719; Slawson v. Grand Street P. P. & F. R. Co., 107 U.S. 649, 2 S.Ct. 663, 27 L.Ed. 576. It seems that the requirement of notice of specific defenses is limited to the defense of invalidity because of anticipation and want of novelty, and does not apply to the defense of want of invention. Reckendorfer v. Faber, supra; Baldwin v. Kresl, 7 Cir., 76 F. 823. In opposition to this conclusion, appellant relies on Grier v. Wilt, 120 U.S. 412, 7 S.Ct. 718, 30 L.Ed. 712; Eachus v. Broomall, 115 U.S. 429, 6 S.Ct. 229, 29 L.Ed. 419, and analogous cases. In the Grier case, the court merely held that such evidence was admissible to show the state of the art, although it had not been set up in the answer, but that it could not be considered on the question of novelty. In the Eachus case, the court merely held that unpleaded prior art might be received and considered for the purpose of defining the limits of a patent, or to determine the scope of the invention. There is nothing in either of these cases that holds or intimates that unpleaded prior art may not be used to invalidate the patent on the ground of want of invention.

Appellees further contend that 35 U.S. C.A. § 69 has been abrogated by rules 8 and 9 of Civil Procedure, 28 U.S.C.A. following section 723c. In view of our conclusion, it is unnecessary to pass on this question. We think the District Court did not err in holding claim 1 invalid for lack of invention.

Decree affirmed.