**BROWN & BIGELOW, Paul W. Felt, Appellants,**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**No. 12517.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 20, 1955.

Decided Dec. 29, 1955.

---

Mr. Almon S. Nelson, Washington, D. C., for appellants.

Mr. Joseph Schimmel, Counsel, U. S. Patent Office, with whom Mr. E. L. Reynolds, Sol. U. S. Patent Office at the time record was filed, was on the brief, for appellee.

Mr. Clarence W. Moore, Sol. U. S. Patent Office, also entered an appearance for appellee.

Before PRETTYMAN, WILBUR K. MILLER and DANAHER, Circuit Judges.

DANÁHER, Circuit Judge.

Appellants asked the District Court to authorize the Patent Office to issue a method patent based upon the following claim:

"The method of charging a cigarette lighter with a supply of fuel which consists in, injecting a normally instantly volatile, compressed liquefied fuel in atmosphere, into a check valved fuel chamber of the lighter by attaching a cartridge filled with liquefied fuel to the lighter fuel pressure chamber, simultaneously piercing the cartridge and opening the valve to cause the compressed fuel in the cartridge to be transferred into the fuel pressure chamber of the lighter thus pressurizing the same with fuel, then, removing the cartridge when empty and simultaneous closing the check valve of the fuel chamber of the lighter thus maintaining the lique-fied fuel under pressure in the fuel pressure chamber of the lighter."

The trial judge concluded, in effect, that a patent may not issue for a method "which is not separate and independent of the particular device described and claimed in the patent of which it is a division" where the claimed method cannot be described without describing the characteristic function of the patented device. He thereupon dismissed the complaint.

For purposes of ready comparison with Claim 8, we reproduce from patent 2,561,270 allowed Claim 2, as follows:

"A pyrophoric lighter and the like having in combination a flint, an abrading element, a lever for operating said element to throw a spark from said flint, a cover for closing said lighter, an escapement valve assembly adjacent said flint wheel adapted to allow gas from a liquefied petroleum fuel to escape therethrough simultaneously with the operation of said flint and the raising of said cover by a single hand operation, a chamber for receiving a liquefied petroleum fuel under pressure, an injection valve assembly having a threaded portion and including a check valve to normally close said fuel chamber by the pressure of the liquefied fuel in said chamber, and a sealed supply cartridge of liquefied petroleum fuel having threads thereon for attaching said cartridge to said injection valve assembly to automatically transfer the liquefied fuel in said cartridge when said cartridge is pierced by attaching it to said injection valve assembly, said check valve automatically closing said injection valve assembly when said cartridge is withdrawn therefrom."

Appellants have asked us to reverse the trial court arguing that the "function of the device covered by Appellants' patent is the production of a light. The claim involved, namely Claim 8, is drawn to the method of charging or filling a lighter and no more. It is further sub-

mitted that the charging or filling of a lighter is *not the function* of a cigarette lighter. Thus, Claim 8 is not drawn to the function of the lighter already patented. . . . Filling a lighter certainly cannot be said to be the function of a lighter. The parent application disclosed two inventions namely (1) a gas lighter, and (2) the method of filling a gas lighter. We are here concerned only with the latter invention."

Appellants have failed to sustain their burden of convincing us that the trial court erred. The inventive concept asserted for the method Claim 8 seems to us to have been inextricably connected with appellants' Claim 2 which has been allowed. The invention was not complete without apparatus with which to apply the process. A reading of allowed Claim 2 discloses that the operation described inevitably requires a lighter, employing a gaseous fuel contained under pressure in the body of the lighter, so that when the lighter is operated some gas is released through a valve where, upon the operation of a flint wheel, the gas may be ignited. To be sure, supplying the gas in sealed disposable cartridges is desirable and affords an advantage over earlier methods which required the return of the entire lighter to the manufacturer that the tank might be refilled, or removing the fuel tank and forwarding it to a manufacturer to be refilled, or by a user's purchase of a new filled tank to be inserted in the body of the lighter. By contrast, the sealed cartridge here may be screwed into the lighter whereupon the cartridge is pierced so that a check valve in the body of the lighter will be opened to permit the transfer of gas from the cartridge into the lighter tank. Thereupon, the cartridge may be unscrewed and removed from the lighter and discarded.

The various steps claimed for the method are described in almost exact detail in the allowed Claim 2. Indeed, therein lay the essence of the invention which the patentee was bound to point out. Black-Clawson Co. v. Centrifugal Engineering & P. Corp., 6 Cir., 1936, 83 F.2d 116, certiorari denied, 1936, 299 U.S. 554, 57 S.Ct. 16, 81 L.Ed. 408. Without the incorporation of the device so to be operated, there could have been no apparatus patent. Kistler v. Coe, 1944, 79 U.S.App.D.C. 36, 142 F.2d 94; Application of Ashbaugh, 1949, 173 F.2d 273, 274, 36 C.C.P.A., Patents, 902. Under the circumstances, there is no error in the judgment of the District Court.

Other points urged are sufficiently covered by what we have said. It now becomes unnecessary to consider appellants' claims that the District Court should have ruled on the question of double patenting and that there was error in the Court's refusal to grant appellants' motion for rehearing.

Affirmed.