GARY POOLS, INC., Appellant,

v.

ASSOCIATED POOLS, INC., Appellee.

No. 21559.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1965.

John C. Stahl, Lukin Gilliland, San Antonio, Tex., for appellant.

Walter G. Lagerquist, Jr., John R. Shaw, Lagerquist, Shaw & Davis, San Antonio, Tex., for appellee.

Before GEWIN and BELL, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

Appellant is the owner of a patent for a swimming pool in which an integrally formed cantilevered walkway projects outwardly from the peripheral walls of the pool. An air space is created underneath the walkway which eliminates ground pressure from beneath, thus preventing cracking and buckling of the walk. Claim 1 of the patent purports to describe the apparatus itself, while Claim 2 purports to describe the method of constructing the apparatus.[1]

Appellant brought suit below claiming infringement and unfair trade practices, and seeking injunctive relief, damages and an accounting. The District Court held both claims of the patent invalid for lack of invention and in the alternative,

that neither claim was infringed. The unfair trade practices claim was also found to be without basis in fact.

■ Appellant first contends that the District Court erred in holding Claim 1 invalid because that claim was never placed in issue on the trial. This contention is belied by appellant's original complaint and proposed pretrial order, both of which establish that both Claims 1 and 2 were relied on. Appellant also argues that the District Court either misunderstood Claim 1 or did not intend to invalidate it since the findings of fact referred to "an air space" whereas Claim 1 does not use these words. However, Claim 1 does refer to a "shallow recess," and it is manifest that the District Court fully understood Claim 1 and intended to invalidate it. We need go no further in affirming since the transcript of the evidence is not before us and no challenge is made on the merits as to this claim.

■■ As to Claim 2, appellant contends that the lower court erroneously applied the law relating to apparatus patents instead of the law applicable to method or process patents. It is a sufficient answer that Claim 2 does not state a valid method claim. It merely sets forth the obvious and necessary steps for constructing the apparatus set forth in Claim 1, and therefore does not state a patentable method. See Brown & Bige-

1. U. S. Letters Patent No. 3,086,220:

Claim 1. "A swimming pool construction, in combination with a ground excavation, said swimming pool including an upstanding rigid peripheral wall formed against the sides of said excavation and terminating at its upper end at substantially ground level, said peripheral wall including an integral laterally and outwardly projecting cantilever walkway extending at least partially about the upper end of said peripheral wall, said walkway being supported by said peripheral wall and being designed to support all normal superjacent loads, said side wall and walkway including internal reinforcement and said excavation including a shallow recess underlying said walkway throughout substantially its entire outward extent from the outer surfaces of said peripheral wall.

Claim 2. "The method of forming a swimming pool in a ground excavation comprising the following steps: forming a bottom with an integral, upstanding and internally reinforced peripheral side wall within said excavation and with said bottom and side wall disposed in surface-to-surface contacting relation with the bottom and sides of said excavation and with said peripheral wall including an integral laterally and outwardly extending cantilever walkway at its upper marginal portion extending at least partially around said peripheral wall and internally reinforced and tied into said peripheral wall for support therefrom, and forming an air space beneath the lower surface of said walkway extending outwardly from said peripheral wall substantially the entire outward extent of said walkway."

low v. Watson, 1955, 98 U.S.App.D.C. 41, 232 F.2d 41.

At the trial, appellant objected to the admission of testimony by appellee's witnesses on the ground that the names of these witnesses had not been furnished at least thirty days prior to trial as required by 35 U.S.C.A. § 282. If notice is not given, that section bars, except on such terms as the court may require, testimony offered to prove prior use, anticipation, or want of novelty. However, such testimony is admissible without notice to show the state of the art as bearing on the defense of lack of invention. Turini v. Allens Mfg. Co., 1 Cir., 1952, 198 F.2d 491; Minnesota Min. & Mfg. Co. v. Industrial Tape Corp., 7 Cir., 1948, 168 F.2d 7; and Oswell v. Bloomfield, 7 Cir., 1940, 113 F.2d 377. From the trial court's ruling on appellant's objections, it is apparent that the testimony was admitted solely for this latter purpose. Consequently, there was no error. Nor can we say, in the absence of the trial record, that the finding of no unfair trade practice is unsupported.

Affirmed.