WESTERN LIGHTING, INC., a corporation, Appellant,

v.

SMOOT–HOLMAN COMPANY, a corporation, Appellee.

No. 19725.

United States Court of Appeals Ninth Circuit.

Dec. 7, 1966.

Rehearing Denied Jan. 25, 1967.

Edward C. Walsh, Robert Ashen, of Herzig, Walsh & Blackham, Beverly Hills, Cal., for appellant.

Ford Harris, Jr., Charles E. Wills, of Harris, Kiech, Russell & Kern, Los Angeles, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and CRAIG, District Judge.

CRAIG, District Judge.

This case is one based upon patent infringement. The District Court had jurisdiction pursuant to Title 28, U.S.C., Section 1338(a). This Court has jurisdiction on appeal pursuant to Title 28, U.S.C., Section 1292(a) (4).

Sometime in 1950 Gale F. Thomas, a graduate engineer in the employ of appellee, Smoot-Holman Company, conceived a unique idea for the construction of certain lighting fixtures. In September of 1954, Thomas made a rough cross-sectional sketch of a lamp housing to be used in the manufacture of a lighting fixture. Mock-up or experimental fixtures embodying the unique design of the Thomas housing were installed in the private office occupied by Mr. Smoot and Mr. Holman and in the photometric laboratory of Smoot-Holman Company in the latter part of 1954 or early in 1955. Under the direction and supervision of Thomas, fixtures embodying Thomas' principles were installed in the engineering building of AiResearch Corporation in Los Angeles in the latter part of 1955. Application for patent was filed May 28, 1956. Letters Patent No. 2,932,728 issued to Thomas April 12, 1960. Thomas assigned the patent to Smoot-Holman Company.

Appellant, Western Lighting, Inc., was organized in 1955. In 1961 Lighting Dynamics, Inc., a fixtures manufacturer in California, manufactured lighting fixtures embodying the Thomas patent un-

der license from Smoot-Holman, for which it paid royalties. Numerous other manufacturing concerns over the United States also held licenses from Smoot-Holman on a royalty basis. In December of 1961, an auction display was held to dispose of some of the assets of Lighting Dynamics, Inc. Included in the assets offered for sale were tools and dies used in the manufacture of the Thomas fixtures. The tools and dies were purchased by Western at the auction in January of 1962. In April of 1962 Western began the manufacture of fixtures embodying the Thomas patent and began the sale thereof in May of that year. Smoot-Holman filed its complaint for infringement in July of 1962.

The Smoot-Holman fixtures embodying the Thomas patent were shortly after being placed in the market recognized by the industry as outstanding contributions to the art and won several awards of excellence. The fixtures were well received in the market, and proved to be impressively profitable.

Western asserts Smoot-Holman to be subject to an estoppel in pais as a result of certain conversations between three officers of Western and Mr. Holman at the time of the auction.[1]

■■ Western asserts the patent to be invalid because of public use or sale more than one year prior to the date of the application for patent. As the trial court found, the mock-up experimental use in the office and laboratory of Smoot-Holman did not constitute a public use, nor did installation at AiResearch take place more than one year prior to the date of the application for patent, nor was the Smoot-Holman fixture fully developed at the time of the AiResearch installation. 35 U.S.C. § 102(b); Amerio Contact Plate Freezers v. Belt-Ice Corporation, 9 Cir., 316 F.2d 459; See also: Tucker Aluminum Products, Inc. v. Grossman, 9 Cir., 312 F.2d 293.

■■ Western asserts the patent to be invalid because it embodied prior art already established in the field. The record does not support Western's contention. Title 35, U.S.C. § 282 provides for the presumption of the validity of a patent and places the burden of establishing invalidity upon the party asserting it. Finding of Fact No. 15 was uncontested and it is clear from that finding that Western had failed to sustain the burden placed upon it as a matter of law.[2]

■ There is no merit to Western's assertion with respect to file-wrapper estoppel. File-wrapper estoppel prevents a patentee from relying upon the doctrine of equivalents. Keith v. Charles E. Hires Co., 2 Cir., 1940, 116 F.2d 46; Lewis v. Avco Mfg. Corp., 7 Cir., 1956, 228 F.2d 919. Here there was no need for Smoot-Holman to resort to the doctrine of equivalents. Western admitted by way of answers to interrogatories that its fixtures contained substantially all of four of the elements claimed by the Thomas patent.

---

1. See Kierulff v. Metropolitan Stevedore Co., 9 Cir., 315 F.2d 839, for discussion on estoppel in pais.

2. 15. When the aforementioned lamp housings are incorporated in lighting fixtures in the manner defined by the claims of the patent in suit and such lighting fixtures are suspended below the ceiling of a room several important advantages are achieved thereby which are not achieved by any prior known lighting fixture or lighting fixtures system. These advantages are:
   (a) Substantially no interference with flected light from the ceiling;
   (b) Substantially no interference with the acoustical properties of the ceiling;
   (c) Substantially no interference with the fire-extinction equipment installed at the ceiling level; and
   (d) The appearance of a luminous ceiling when viewed from a position transverse to the rows of lamp housings.
   In addition, the fixtures are relatively easy to keep clean because the narrow side walls of the lamp housings with their substantially vertical inner and outer side members present a minimum amount of dust-catching surfaces, and there is no separate longitudinally extending wireway and ballast support between the lamp housings to catch dirt, as in the prior fixtures.

Western finally asserts that the Thomas patent is invalid as being too vague within the meaning of 35 U.S.C. § 112. This assertion is simply not supported by the record in this case.

Rule 52(a), Federal Rules of Civil Procedure, provides that findings of fact should not be set aside unless clearly erroneous, and due regard shall be given to the opinion of the trial court to judge of the credibility of the witnesses.

In the instant case, the findings of fact were not clearly erroneous. Moreover, the record discloses ample evidence in support of the trial court's findings. We find no error in the trial court's conclusions of law.

Judgment is affirmed.