**SCHLUMBERGER LIMITED, (SCHLUMBERGER, N.V.), a Netherlands Antilles corporation, Plaintiff,**

v.

**DOUGLAS FURNITURE OF CALIFORNIA, INC., a California corporation, Defendant.**

**Civ. A. No. 66–916–AAH.**

United States District Court
C. D. California.

Oct. 31, 1967.

John M. Lee, Richard A. Bardin, Fulwider, Patton, Rieber, Lee & Utecht, Los Angeles, Cal., for plaintiff.

Collins Mason, Mason & Graham, Los Angeles, Cal., for defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HAUK, District Judge.

Plaintiff, Schlumberger Limited, by its Complaint, charges the Defendant, Douglas Furniture of California, Inc., with infringement of its Peterson Patent No. 3,240,460. In defense, Defendant alleges that the patent has not been infringed and that it is invalid on various grounds. Defendant also counterclaims for unfair competition and seeks a declaration that the patent is invalid and not infringed.

The patent in suit relates to metal furniture, such as is commonly found in homes and apartments. It is directed specifically to a furniture construction having a thin-walled tubular sheath or molding, formed of plastic, that fits on a metal table leg or the like for decorative purposes. The ends of the sheath snugly engage the leg to foster the

illusion that the sheath grows out of the leg or is integral therewith, and the intermediate sheath portion is grooved or shaped to give the appearance that it was hand-carved from wood.

As indicated by Plaintiff's uncontroverted showing, Plaintiff has, through its division, Virtue Bros. Mfg. Co., manufactured for many years a line of metal furniture, including tables, chairs and accessory items. Many of Virtue's tables incorporate sheath-leg assemblies made in accordance with the patent in suit. Defendant is a competitor of Virtue's and has a line of tables incorporating sheath-leg assemblies substantially identical to designs introduced by Virtue. The controversy relates to Defendant's manufacture and sale of such sheath-leg assemblies.

■■ Defendant has moved for summary judgment (Rule 56, F.R.Civ.P.) on the defense of invalidity. The sole basis for the motion is that each of the two prior art patents, Stedman No. 1,595,582 and Cohen No. 188,330 (design patent), which were not cited by the Patent Office, anticipates the claimed invention. In terms of the Patent Act, Defendant's defense is predicated on 35 U.S.C. § 102.[1]

Plaintiff's response is that Defendant has misconstrued the claims of the patent in suit in many important respects and, in addition, that Defendant has erroneously interpreted the two patents relied on. Plaintiff further contends that at the very least there is a dispute as to crucial factual matters involving interpretation of the claims of the patent in suit and interpretation of the prior art patents, thus precluding summary judgment.

In passing on Defendant's motion, the Court has considered the patent in suit, the file wrapper thereof, Affidavits of Robert Kjer Jakobsen, J. W. Kisling, James R. Oswald and Arthur Zeitz, all proffered by Plaintiff, Defendant's proposed Findings of Fact and Conclusions of Law, Plaintiff's Statement of Genuine Issues, and briefs on behalf of both parties.

■■ The Court of Appeals for this circuit has repeatedly said that anticipation is strictly a technical defense. As set forth in Walker v. General Motors Corporation, 362 F.2d 56, 58, (9th Cir. 1966).

"'* * * Unless all of the same elements are found in exactly the same situation and united in the same way to perform the identical function' in a single prior art reference 'there is no anticipation.' Stauffer v. Slenderella Systems of California, Inc., 254 F.2d 127, 128 (9th Cir. 1957); see also National Lead Co. v. Western Lead Prods. Co., 324 F.2d 539, 544 (9th Cir. 1963); McCullough Tool Co. v. Well Surveys, Inc., 343 F.2d 381, 398 (10th Cir. 1965)."

See also Ceramic Tilers Supply v. Tile Counsel of America, 378 F.2d 283, 284, 285 (9th Cir. 1967); and Ling-Temco-Vought v. Kollsman Instrument Corp., 372 F.2d 263, 267 (2nd Cir. 1966).

■ A patent is presumed valid and a party seeking to invalidate it for anticipation, or on any other basis, has the burden of proof. 35 U.S.C. § 282; Neff Instrument Corporation v. Cohu Electronics, 298 F.2d 82, 86 (9th Cir. 1961); and Western Lighting v. Smoot-Holman Co., 381 F.2d 355, 356 (9th Cir. 1966).

■ It is, of course, fundamental that in order for summary judgment to be proper, there must be no genuine issue of material fact. (Rule 56, F.R.C.P.)

---

1. It is now well settled that a further and separate condition for patentability, in addition to the requirement of novelty, as specified in 35 U.S.C. § 102, is that the claimed subject be non-obvious. This test gives rise to basic factual art inquiries involving (1) the scope and content of the prior art, (2) differences between the prior art and the claims at issue, and (3) the level of ordinary skill in the pertinent art. 35 U.S.C. § 103; Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). However, in its motion papers, Defendant has expressly excluded "obviousness" and the correlative factual inquiries from consideration.

As stated by the Court of Appeals in Cee-Bee Chemical Co. v. Delco Chemicals, 263 F.2d 150, 152 (9th Cir. 1958) and later in Hughes Blades, Inc. v. Diamond Tool Associates, 300 F.2d 853, 854 (9th Cir. 1952), quoting from the *Cee-Bee* case:

"If the conclusions reached by the trial court required it to first resolve a genuine issue as to a material fact, the case should not have been disposed of on a motion for summary judgment * * *".

Moreover, in deciding whether an issue of material fact exists, all doubts must be resolved against the moving party. Cox v. American Fidelity & Casualty Co., 249 F.2d 616, 619 (9th Cir. 1957).

■ Accordingly, in order for the summary judgment here sought by Defendant to be proper, there must be found in one of the Stedman and Cohen patents, relied on by Defendant, "all of the elements" of Plaintiff's claimed invention "united in the same way" to perform the "identical function." This has not been shown to be true.

■ The Affidavits submitted by Plaintiff, which, as previously noted, are uncontroverted, bring out numerous differences between the claimed structure and the structures disclosed in the Stedman and Cohen patents. Among other things, the claims of the patent in suit call for a plastic sheath, whereas Stedman and Cohen disclose rubber and metal parts. The sheath is specified in the claims as fitting on the furniture member or leg in a manner different from that in which the rubber and metal parts fit on their underlying furniture members in these prior patents. Still further, Stedman discloses a rubber bumper for a hospital bed which is purposely smooth in external configuration to minimize the opportunity to collect dust, whereas the claims of the patent in suit call for the sheath to be grooved or intricately shaped. Plaintiff's Affidavits also contain a showing that these differences in structure are highly meaningful insofar as the results and decorative effects obtained.

At the very least, there are clearly numerous issues of material fact which, in the Court's view, would require expert testimony. Even if these issues could be resolved by the Court without expert testimony, it would necessarily involve passing on material factual issues. Therefore, this is not a case for summary judgment.

Defendant's Motion for Summary Judgment is denied.