HUGHES BLADES, INC., a California corporation, and Norman P. Van Valkenburgh, Appellants,

v.

DIAMOND TOOL ASSOCIATES et al., Appellees.

No. 17275.

United States Court of Appeals Ninth Circuit.

Jan. 18, 1962.

C. A. Miketta, Guy Porter Smith, Miketta, Glenny & Poms, Los Angeles, Cal., for appellant.

Fulwider, Mattingly & Huntley, Francis A. Utecht, Los Angeles, Cal., for appellees.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

In this action, brought by appellants for patent infringement, a summary judgment was entered in favor of appellees upon the ground of lack of invention. The court concluded that the only substantial addition which the patents involved had made to prior art "would have been obvious to a layman, let alone to a person skilled in the * * art."

Involved are Patent No. 2,763,258, issued to appellant Hughes Blades as assignee on September 11, 1956, and Reissue Patent No. 24,562. It is claimed that appellees have infringed Claim No. 5 of the patent and Claims Nos. 5, 12, 13, 14 and 15 of the reissue patent.

These patents relate to an improvement in the construction of circular saw blades in which the cutting edge (consisting of cutting elements composed of compressed metal and diamond particles) is mounted upon the peripheral edge of a softer circular disc-like core of metal. The record demonstrates that a problem encountered in the art was that such blades, when cutting such substances as concrete, suffered wear and tear at the peripheral edge of the core to which the cutting elements were attached, which caused the cutting elements to drop off before they had themselves enjoyed their full, useful life. The specification states:

"It is believed that most of this abrasion and wear is caused by small particles of sand and rock which appear to be retained or massed within the kerf and radially inward from the cutting segments."

The patents here involved attacked that problem. The specification states that its object is to disclose and provide a saw construction whereby the abrasive cuttings, which otherwise would be retained within the kerf, would be agitated and expelled. The patents provided for the insertion into the side of the soft center at its peripheral edge of "hardened elements." The specification refers to these elements as "pins, studs,

buttons or inserts" and states: "Such buttons even though widely spaced actually prevent the wear of the core between such buttons on the same side of the core."

The controlling conclusion of law entered by the district court is:

"The improvement of adding a hardened insert at the point of wear of a saw blade, each other element of which was old in the art, as recited in Claim 5, would have been obvious to a layman, let alone to a person skilled in the saw art."

 As this court stated in Cee-Bee Chemical Co., Inc. v. Delco Chemicals, Inc., 9 Cir., 1958, 263 F.2d 150, 152:

"If the conclusions reached by the trial court required it to first resolve a genuine issue as to a material fact, the case should not have been disposed of on a motion for a summary judgment."

Appellants assert that many factual considerations are essential before a conclusion can be reached that an improvement was obvious. They cite Safety Car Heating & Lighting Co., Inc. v. General Electric Co., 2 Cir., 1946, 155 F.2d 937, 939, where Judge Learned Hand stated:

"Courts, made up of laymen as they must be, are likely either to underrate, or to overrate, the difficulties in making new and profitable discoveries in fields with which they cannot be familiar; and, so far as it is available, they had best appraise the originality involved by the circumstances which preceded, attended and succeeded the appearance of the invention. Among these will figure the length of time the art, though needing the invention, went without it: the number of those who sought to meet the need, and

the period over which their efforts were spread: how many, if any, came upon it at about the same time, whether before or after: and —perhaps most important of all— the extent to which it superseded what had gone before. We have repeatedly declared that in our judgment this approach is more reliable than a priori conclusions drawn from vaporous, and almost inevitably self-dependent, general propositions."

No findings were made upon any of these matters and the patent office's implicit determination that patentable novelty existed would suggest that these considerations present issues upon which reasonable minds may well differ.[1]

We conclude that this is not a proper case for summary disposition.

Reversed and remanded for further proceedings.

---

1. The district court did find that the Commissioner of Patents had failed to cite two specified prior patents as prior art, thus suggesting that it felt that the presumption of validity under these circumstances would not attach. One of these prior patents the court expressly excluded from its considerations. The other appears to attack a problem entirely different from that with which the present patent is concerned.