Brooks **WALKER**, Appellant,

v.

**GENERAL MOTORS CORPORATION** and Les Vogel Chevrolet Company, Appellees.

No. 19242.

United States Court of Appeals Ninth Circuit.

April 19, 1966.

**58**

A. Donham Owen, Roger W. Erickson, San Francisco, Cal., for appellant.

Jas. M. Naylor, Frank A. Neal, San Francisco, Cal., for appellees.

Before MADDEN, Judge of the Court of Claims, and KOELSCH and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

In an action for damages for patent infringement the district court granted defendants' motion for summary judgment and held plaintiff's Patent No. 2,131,306 invalid. Plaintiff appeals.

■ Federal Rule 56 permits a court to terminate patent litigation by summary judgment [Fromberg, Inc. v. Gross Mfg. Co., 328 F.2d 803, 805 (9th Cir. 1964)], although the occasion for using this procedure in such cases may be relatively rare. Rankin v. King, 272 F.2d 254, 258 (9th Cir. 1959); Ronel Corp. v. Anchor Lock of Florida, Inc., 325 F.2d 889 (5th Cir. 1963). Summary judgment is appropriate in a patent case, as in other civil cases, if there is no genuine issue as to a material fact; and it is inappropriate if such an issue exists. 6 Moore, Federal Practice 2611.

The Walker patent relates to the placing of a gas tank in the fender of an automobile. The district court concluded that the patent was invalid under 35 U.S.C.A. § 102(b) because the subject matter was "anticipated" by a French publication filed in the patent office more than two years prior to the filing of the Walker patent application. The district court held that the French publication disclosed all the elements of the Walker patent "in substantially the identical form and relationship and for the identical purpose and result * * * and the differences * * * were unsubstantial, unpatentable differences."

As plaintiff points out, this court has said that "anticipation is strictly a technical defense. Unless all of the same elements are found in exactly the same situation and united in the same way to perform the identical function" in a single prior art reference "there is no anticipation." Stauffer v. Slenderella Systems of California, Inc., 254 F.2d 127, 128 (9th Cir. 1957); see also National Lead Co. v. Western Lead Prods. Co., 324 F.2d 539, 544 (9th Cir. 1963); McCullough Tool Co. v. Well Surveys, Inc., 343 F.2d 381, 398 (10th Cir. 1965). The defense of anticipation was not established in the present case, plaintiff contends, because in the French publication the fender and tank are of single-unit construction, whereas the Walker patent discloses a separate tank enclosed within the fender.

■ Three claims of the Walker patent are in issue. Claim 3 discloses a single-unit fender-tank arrangement. Therefore, this claim does not differ from the French publication in the one respect upon which plaintiff relies. Since "each claim is in theory a separate patent" [Moon v. Cabot Shops, Inc., 270 F.2d 539, 544 (9th Cir. 1959); compare Felburn v. New York Central R. R., 350 F.2d 416, 420 (6th Cir. 1965)], we conclude that as to claim 3 the defense of anticipation was made out as a matter of law.

■ As to claims 1 and 2, defendants contend that the defense of anticipation was established despite the difference relied upon by plaintiff, because the separate and the single-unit constructions are equivalent. But plaintiff tendered evidence that the difference in physical construction produced significantly different results from the point of view of safety and ease of repair. Compare United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966). Since the issue of equivalence could not be determined without resolving these disputed questions of fact, we conclude that as to claims 1 and 2 summary judgment on the grounds of anticipation was not appropriate. Compare Cee-Bee Chem. Co. v. Delco Chemicals, Inc., 263 F.2d 150 (9th Cir. 1952); Inglett & Co. v. Everglades Fertilizer Co., 255 F.2d 342 (5th Cir. 1958); see also Rankin v. King, 272 F.2d 254, 257 (9th Cir. 1959).

Defendants argue, however, that summary judgment was nonetheless appro-

priate as to claims 1 and 2 because the difference between the French single-unit construction and the Walker separate tank construction would have been obvious to a person having ordinary skill in the art, and therefore the alleged invention was not patentable under 35 U.S.C.A. § 103. Plaintiff's response is two-fold.

■ First, he contends that the defense of obviousness under section 103 can never be resolved against a patent on motion for summary judgment, because obviousness is a factual matter.[1] It is true that obviousness must be determined against a factual background [Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), but a summary judgment invariably rests upon a factual foundation. It is inappropriate only when a material fact is subject to genuine dispute—as it was in the two cases relied upon by plaintiff: Hughes Blades, Inc. v. Diamond Tool Associates, 300 F.2d 853 (9th Cir. 1962), and Cee-Bee Chem. Co. v. Delco Chemicals, Inc., 263 F.2d 150 (9th Cir. 1958).[2] If the material facts are not disputed, and if on these undisputed facts the difference between the alleged invention and the prior art would have been obvious, a summary judgment of invalidity for lack of invention is entirely proper. Ronel Corp. v. Anchor Lock of Florida, Inc., 325 F.2d 889, 890 (5th Cir. 1963); A R Inc. v. Electro-Voice, Inc., 311 F.2d 508 (7th Cir. 1962); Rankin v. King, 272 F.2d 254, 257–258 (9th Cir. 1959); Glagovsky v. Bowcraft Trimming Co., 267 F.2d 479 (1st Cir. 1959); Rothe v. Ford Motor Co., 102 U.S.App.D.C. 331, 253 F.2d 353 (1958); George P. Converse & Co. v. Polaroid Corp., 242 F.2d 116, 120 (1st Cir. 1957); Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 233 F.2d 9 (2d Cir. 1956); Park-In-Theatres, Inc. v. Perkins, 190 F.2d 137, 142 (9th Cir. 1951); 6 Moore, Federal Practice 2613 n. 11.

Second, plaintiff contends that summary judgment was improper because factual disputes did exist which were relevant to the issue of obviousness, particularly as to the state of the prior art.

■ As the Supreme Court has recently pointed out, the basic factual background necessary to a determination of section 103 obviousness relates to three matters: (1) "the scope and content of the prior art"; (2) "differences between the prior art and the claims at issue"; and (3) "the level of ordinary skill in the pertinent art." Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684 (1966).

■ Plaintiff does not dispute the fact that the French reference was prior art as to the Walker patent. The structure disclosed in the French reference is simple, requiring no explanation. The only difference relied upon by plaintiff between the French tank and Walker claims 1 and 2 is that Walker's tank is separate from the fender. If this difference would have been obvious to a person of ordinary skill in the art, summary judgment was proper, without regard to whether other relevant prior art existed in addition to the French publication. Thus, the only possible issue of fact was the level of ordinary skill of persons en-

---

1. In their brief in this court defendants stated, "In short, appellant [plaintiff] is arguing that a patent case may not be disposed of upon a motion for summary judgment upon the defense of obviousness." In his reply brief, plaintiff responded, "This is appellant's [plaintiff's] position and he has complete support for it in the above two cases decided by this court," referring to Hughes Blades Inc. v. Diamond Tool Associates, 300 F.2d 853 (9th Cir. 1962), and Cee-Bee Chem. Co. v. Delco Chemicals, Inc., 263 F.2d 150 (9th Cir. 1958). Indeed, plaintiff states in his reply brief, *"This is the point around which this whole appeal revolves."* (Italics in original.)

2. Indeed, this court said in Cee-Bee Chem. Co. v. Delco Chemicals, Inc., 263 F.2d at 153, a case relied upon by Walker:
"If there were here no genuine issues as to material fact concerning prior art and the teaching of the Whitcomb patent, the trial court's conclusion that Whitcomb lacked invention would involve only a question of law which could be decided by summary judgment."

gaged in the art. But this was not a real issue, for it is not subject to serious doubt that if the ordinary skill possessed by persons engaged in the design of automobiles at the time of Walker's "invention" were postulated at the minimum conceivable level, Walker's separate tank structure would have suggested itself as a possible solution to a person possessing such skill who was given the French single-unit design[3] and told to alter it in such a way as to provide additional protection against possible puncture of the tank by stones striking the fender, and to provide greater accessibility for repair and replacement.[4]

Plaintiff tendered no specific evidence as to the basic factual questions just discussed. See Rule 56(e). He did tender evidence bearing upon unsatisfied need, commercial success, acceptance of a license under the Walker patent by Chrysler Motor Corporation, and the copying of the Walker design by the defendants and others. However, as the Supreme Court has said, these are only "secondary considerations," which may provide "indicia of obviousness or unobviousness," where that issue is in doubt. They do not establish invention where, as here, obviousness is clear. Graham v. John Deere Co., 383 U.S. 1, 19-36, 86 S.Ct. 684, 695-703, 15 L.Ed.2d 545 (1966); Jungersen v. Ostby & Barton Co., 335 U.S. 560, 567, 69 S.Ct. 269, 93 L.Ed. 235 (1949); Nelmor Corp. v. Jervis Corp., 354 F.2d 923, 925 (6th Cir. 1966); Griffith Rubber Mills v. Hoffar, 313 F.2d 1, 5 n. 17 (9th Cir. 1963); A R

Inc. v. Electro-Voice, Inc., 311 F.2d 508, 512 (7th Cir. 1962); Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 233 F.2d 9, 10 (2d Cir. 1956).

Affirmed.

---

3. Walker was charged with knowledge of all that the prior art disclosed at the time of his alleged invention, irrespective of whether persons of ordinary skill in the field, or he himself, or anyone else, actually possessed such all-encompassing familiarity with prior disclosures. Graham v. John Deere Co., 383 U.S. 1, 86 S. Ct. 684, 15 L.Ed.2d 545 (1966); Griffith Rubber Mills v. Hoffar, 313 F.2d 1, 3 (9th Cir. 1963). This is so because the Constitution does "not authorize the issuance of patents whose effects are to remove existent knowledge from the public domain, or to restrict free access to materials already available." Graham v. John Deere Co., 383 U.S. 1, 6, 86 S.Ct. 684, 688 (1966).

4. Any doubt over whether the Walker tank represented an obvious modification of the French tank would be dispelled by the fact that the modification—the separate tank construction—was itself disclosed in another prior art reference, Hotchkiss Patent No. 1,168,636, which was before the district court though not relied upon.