AMEROCK CORPORATION, an Illinois corporation, Plaintiff,

v.

AJAX HARDWARE CORPORATION, a California corporation, Defendant.

No. 65–1240.

United States District Court
C. D. California.

Jan. 18, 1967.

## MEMORANDUM OPINION AND DECISION GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

WHELAN, District Judge.

This suit involves the validity and infringement of United States Letters Patent No. 3,090,662 entitled "Drawer Guide" issued and assigned to plaintiff upon an application of Carl J. Dargene. The cause of action arises under the patent laws of the United States, Title 35, United States Code, and jurisdiction of this Court is founded upon Title 28, United States Code, Section 1338(a).

Defendant moved for summary judgment on the grounds that the patent in suit is invalid for (1) overclaiming, (2) lack of invention over the prior art, and (3) in that the patent is unenforceable because of misuse. At the hearing of said motion, exhibits showing an application of the patent in suit as well as an application of Brewer United States Patent No. 2,587,691 were received in evidence in addition to the affidavits filed by the respective parties in support of and in opposition to said motion, and also certain facts were then stipulated to by the parties concerning certain aspects of the prior art. Thereafter the parties filed supplemental legal memoranda and the cause was thereupon submitted for decision.

The patent in suit issued on May 21, 1963, upon the application filed March 14, 1961.

Plaintiff is an Illinois corporation having its principal place of business at Rockford, Illinois, while defendant is a California corporation having its principal place of business within this district. Defendant has committed acts of alleged infringement in this district.

The patent in suit makes but one claim, which claim is as follows:

"In a cabinet including front and rear frame members and a drawer sliding on an elongated guide secured at one end to said front member and extending horizontally into the cabinet toward said rear member with its other end adjacent the

Gibson, Dunn & Crutcher, Robert S. Warren, Los Angeles, Cal., for plaintiff.

Mahoney & Hornbaker, Thomas P. Mahoney, Robert D. Hornbaker, Santa Monica, Cal., for defendant.

rear member, the combination with said cabinet of, a mounting bracket disposed adjacent said rear member and having a portion telescoping snugly with said other end, a stop formed on said bracket to abut against said guide and limit sliding of said bracket along the guide and away from said rear member, and a fastener having a headed end outside said rear member and a portion extending through the latter and projecting into said cabinet at the level of said bracket, a portion of said bracket adjacent said rear member being of substantial thickness relative to the length of said fastener and composed of material capable of receiving and gripping the projecting end of said fastener as the latter is driven through and embedded in both the rear member and the bracket whereby said fastener and said bracket support said other end of said guide on the rear member."

Federal Rule 56 permits a court to determine a patent litigation by summary judgment. Walker v. General Motors Corporation, 362 F.2d 56 (9th Cir. 1966); and summary judgment is appropriate in a patent case if there is no genuine issue as to a material fact. Walker v. General Motors Corporation, supra, at p. 58.

In this case there is no genuine issue as to any material fact and the patent in suit and the prior art are easily understandable by the Court without expert aid.

It is clear that before a valid patent exists there must be novelty, utility, and nonobviousness. Graham v. John Deere Co., et al., 383 U.S. 1, 12, 86 S.Ct. 684, 15 L.Ed.2d 545. Furthermore where, as here, the patentee relies upon a combination patent the "severe test" must be applied and satisfied before a combination patent can be recognized. Bentley v. Sunset House Dist. Co., 359 F.2d 140, 144 (9th Cir. 1966); Santa Anita Mfg. Corp. v. Lugash, et al., (9th Cir. 1966) 369 F.2d 964. The patent in suit does not meet the test of novelty and nonobviousness; nor does it meet the "severe test" imposed in the instance of a claimed combination patent.

While it is true that what the prior art was and what the patentee did to improve upon it are questions of fact, it is likewise true that whether what the patentee did is properly to be classified as an invention is a question of law. National Lead Co. v. Western Lead Products, 291 F.2d 447, 451 (9th Cir. 1961).

It is true that obviousness must be determined against a factual background. Walker v. General Motors Corporation, 362 F.2d 56, 59 (9th Cir. 1966) citing Graham v. John Deere Co., et al., 383 U.S. 1, 86 S.Ct. 684; but as stated in Walker v. General Motors Corporation, supra, 362 F.2d at p. 59, a summary judgment invariably rests upon a factual foundation and is inappropriate only when a material fact is subject to genuine dispute. If the material facts are not disputed, and, if on these undisputed facts the difference between the invention here alleged and the prior art would have been obvious, a summary judgment of invalidity for lack of invention is entirely proper. Walker v. General Motors Corporation, supra, at p. 59.

Plaintiff, in opposition to the motion, tendered evidence to the effect that through the utilization of the application of the patent in suit the drawer slide and end bracket can be mounted five times faster than could be accomplished through the use of the prior art, and that an actual user of the drawer slide utilizing the patent in suit has been able to accomplish with one man the same work that had previously required three men. However, as the Supreme Court has said, the facts established by such evidence of plaintiff are only "secondary considerations" which may provide "indicia of obviousness or nonobviousness" where that issue is in doubt. Such facts do not establish invention where, as here, obviousness is clear. Graham v. John Deere Co., et al., 383 U.S. 1, 19–36, 86 S.Ct. 684.

## THE PRIOR ART

Brewer U. S. Patent No. 2,587,691 shows and discloses these elements:

(a) a cabinet including front and rear frame members 6, 9 and a drawer 5 sliding on an elongated guide 11 secured at one end to said front member and extending horizontally into the cabinet toward said rear member with its other end adjacent the rear member,

(b) a mounting bracket 12 disposed adjacent said rear member and having a portion 26 telescoping with said other end,

(c) a stop formed on said bracket to abut against said guide and limit sliding of said bracket along the guide and away from said rear member,

(d) a fastener 28 having a headed end inside said rear member and a portion extending through the bracket and projecting into said rear member 6 at the level of said bracket, a portion of said rear member adjacent said bracket being of substantial thickness relative to the length of said fastener and composed of material capable of receiving and gripping the projecting end of said fastener as the latter is driven through the bracket and imbedded in the rear member whereby said fastener and said bracket support said other end of said guide on the rear member.

Each of the following elements and the combination thereof claimed in Dargene U. S. Patent No. 3,090,662 were old in the art as shown by Brewer:

a cabinet, including

front and rear frame members 6, 9

and a drawer 5 sliding on

an elongated guide 11,

a mounting bracket 12 and

a fastener 28.

These elements perform no new or different function in Dargene than they performed in Brewer.

What the patentee did to improve upon Brewer was as follows:

(a) he made portion 26 of the bracket telescope snugly with one end of the elongated guide 11,[i]

(b) he reversed the fastener by placing the head outside the rear member,

(c) he made the bracket 27 thicker and of a material capable of receiving and gripping the projecting end of the fastener.

What the patentee did was to reverse the fastener and make the necessary and obvious changes in the dimensions and material of the bracket to get the same result as Brewer, that is, a bracket attached to the rear member by a fastener.

Fig. 1 of Lehnert U. S. Patent No. 1,-613,800 shows a fastener 14 having a headed end outside a rear member 15 and extending through the latter and projecting into a cabinet at the level of a bracket 12, a portion of said bracket 13 adjacent said rear member 15 being of a substantial thickness relative to the length of said fastener and composed of material capable of receiving and grasping the projecting end of said fastener as the latter is driven through and imbedded in the bracket.

Figs. 2 and 4 of Lynn U. S. Patent No. 599,107 also shows a fastener (screw) having a headed end outside said rear member 19 and a portion extending through the latter and projecting into said cabinet. The frame 5 is of substantial thickness relative to the length of said fastener and is composed of material capable of receiving and gripping the projecting end of said fastener as the latter is driven through and imbedded in both the rear member 19 and the frame 5.

Fig. 4 of Steiger U. S. Patent No. 703,094 shows a fastener having a headed end outside a rear member 8 and extending through the latter and project-

---

i. However, while the patent in suit shows the guide 14 telescoping into the mounting bracket 32, instead of vice versa as

shown in Brewer, the claim of the patent in suit not being limited to the structure shown reads on the Brewer patent.

ing into said cabinet at the level of a bracket 11.

Figs. 1 and 2 of Pickup U. S. Patent No. 2,021,019 show a fastener having a headed end outside a rear member 12 and a portion extending through the latter and projecting into the cabinet, at the level of the bracket 27.

To mount brackets from the rear was old in the bracket art prior to March 14, 1960. Also the use of plastic materials for brackets as well as the use of nails or staples for attaching such kind of brackets was old in the bracket art prior to March 14, 1960, a year prior to the filing of the application for the patent in suit, as appears from the stipulation of the parties in open court.

After rejection by the United States Patent Office examiner on the prior art, Dargene cancelled application claims 1–5, none of which included a fastener, thereby admitting that said claims were unpatentable over the prior art. The Dargene claim is similar to cancelled claims 3 and 4 with the addition of a fastener, which did not produce any new and unusual result.

### DARGENE'S COMBINATION IS NOT PATENTABLE

■ Dargene's combination of old elements did not produce any unusual and surprising results. Dargene's claimed combination of old elements does the same work in substantially the same way and accomplishes substantially the same result as the combination shown and described in Brewer. Dargene's combination of old elements only united old elements with no change in their respective functions. Dargene's bracket is claimed in combination with other old parts which perform no new function in the combination. What the patentee did here in reversing the fastener and making necessary and obvious changes in the dimensions of the bracket to get the same result as in the Brewer patent, that is, a bracket attached to the rear member of the cabinet by a fastener, would have been obvious at the time the invention

was made to a person of ordinary skill in the art here involved and does not spell invention. See Simplex Wrapping Mach. Co. v. Schultz, 128 F.2d 138 (9th Cir. 1942). The selection among available materials of one material (here plastic) thought more suitable for use as a bracket would have been obvious to a person of ordinary skill in the art. While it is not a matter of dispute upon this motion that the use of a plastic bracket attached to the rear member of a cabinet by a fastener having a headed end outside the rear member of the cabinet, said bracket and fastener supporting the rear end of a drawer guide, was first used by Dargene and that such combination produced more striking results than in any previous utilization, such facts do not militate against a holding of invalidity of the patent in suit. These facts do not indicate that the combination is nonobvious in the statutory sense; scores of progressive ideas in business are not patentable. Jeddeloh Bros. Sweed Mills, Inc. v. Coe Mfg. Co., 375 F.2d 85 (9th Cir. 3/3/67).

■ The defendant is entitled to a judgment of invalidity herein as a matter of law. Said Letters Patent No. 3,090,662 and the claim thereof are invalid and void in law because the difference between the subject matter sought to be patented by it and the prior art is such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains.

■ Where, as here, invention is so clearly lacking as to invalidate the patent, issues of infringement become moot. Bliss v. Gotham Industries, Inc., 316 F.2d 848 (9th Cir. 1963). Accordingly,

It is ordered that defendant's motion for summary judgment is hereby granted.

This memorandum shall constitute the findings of fact and conclusions of law of the Court and it is ordered that summary judgment be entered.