The GENERAL TIRE AND RUBBER COMPANY
and
Gilbert H. Swart, Appellants,
v.
Edward J. BRENNER, Commissioner of Patents, Appellee.

The GENERAL TIRE AND RUBBER COMPANY et al., Appellants,
v.
Edward J. BRENNER, Commissioner of Patents, Appellee.

Nos. 20561, 20562.

United States Court of Appeals District of Columbia Circuit.

Argued April 17, 1967.

Decided June 23, 1967.

Petition for Rehearing Denied July 20, 1967.

Mr. Edward B. Beale, Washington, D. C., with whom Mr. William R. Trenor, Washington, D. C., was on the brief, for appellants.

Mr. Joseph Schimmel, Sol., U. S. Patent Office, submitted on the brief, for appellee.

Before BAZELON, Chief Judge, and DANAHER and BURGER, Circuit Judges.

PER CURIAM:

Appellant Swart was denied a patent as to certain claims in his applications which are a continuation in part of an application filed on November 2, 1945. The contested claims involve the use of a liquid castable polysulfide rubber in the manufacture of a solid rocket fuel. Following trial, the District Court filed findings of fact and conclusions of law and entered judgment for appellee.

Appellant did not explicitly disclose the use of a liquid castable polysulfide rubber without the use of a plasticizer in his 1945 application. He did, however, disclose the use of a polysulfide rubber, although his claims apparently contemplated the use of an additional liquid to reduce its viscosity. In December, 1946, one Bartley made application for a patent on a solid rocket fuel wherein he disclosed the use of a liquid polysulfide rubber without plasticizer by its brand name Thiokol.

 Appellant contends that the use of a liquid polysulfide rubber without plasticizer would have been obvious to one skilled in the art as of the time his 1945 application was filed. The trial court found "that liquid, castable polysulfide rubbers had become publicly available at the time the [appellant's] 1945 application was filed * * * although they were not common and well known to those skilled in the art * * *." It is elementary that in determining óbviousness for purposes of patentability, information or products publicly available are presumed to have come to the attention of one skilled in the art. Walker v. General Motors Corp., 362 F.2d 56, 60 and n.3 (9th Cir. 1966). Here, where the evidence showed that processes for utilizing liquid polysulfide rubbers had been published prior to 1945 in several scientific journals generally available to those in the field, we think the same pre-sumption should prevail in determining the sufficiency of disclosure. See Loom v. Higgins, 105 U.S. 580, 26 L.Ed. 1177 (1881); cf. Application of Bosy, 360 F. 2d 972 (C.C.P.A.1966). Viewed in this light, the quoted finding of the trial court is erroneous because it rests on the belief that one skilled in the art would not be aware of publicly available information. We cannot conclude that this error was harmless and since the District Judge who heard this case has now retired, we reverse and remand for a new trial without reaching other issues presented.

Reversed and remanded.