**CERAMIC TILERS SUPPLY, INC., a corporation, Appellant,**

v.

**TILE COUNCIL OF AMERICA, INC., a corporation, Appellee.**

No. 21160.

United States Court of Appeals
Ninth Circuit.

May 22, 1967.

Rehearing Denied June 29, 1967.

**284**

Byard G. Nilsson, Nilsson, Robbins & Anderson, Los Angeles, Cal., for appellant.

James E. Biava, Pfailzer, Robertson, Armstrong & Woodard, Los Angeles, Cal., Granville M. Pine, John A. Diaz, Morgan, Finnegan, Durham & Pine, New York City, for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and HALBERT, District Judge.

HALBERT, District Judge:

Appellant appeals from the decision below which found United States Patents Number 2,934,932 and Number 2,990,382 valid and infringed by appellant's products. Following a trial to the Court the case was referred to a Special Master for determination of damages.

Appellee is a trade association composed of manufacturers of ceramic tile in the United States. The patents involved are products of the research center maintained by appellee for the purpose of developing methods and materials which will promote the use of ceramic tile. In 1955 investigation into then existing problems of tile installation was begun and ultimately resulted in the patents here in issue which provided a method by which ceramic tile could be installed at a substantially lower cost than was involved in the methods then prominent in the industry. Appellee licensed a number of companies who began production and sale of the patented products, which have become the most widely used products of their kind in the industry. Appellant also has produced, without license, products which the court below found to infringe upon the patented products.

*United States Patent 2,934,932*

The '932 [1] patent claims an improved mortar and method for its use in the setting of ceramic tile. It is composed of Portland cement, methyl cellulose, sand or limestone, and water. Appellant asserts that the combination thus disclosed was anticipated by several patents, with particular emphasis upon British Patent Number 743,952 to Spillman. Anticipation is a technical defense which must meet strict standards:

" 'Unless all of the same elements are found in exactly the same situation and united in the same way to perform

---

1. Throughout the record the patents in this case have been referred to by the last three numbers. In this opinion we continue that mode of reference.

the identical function' in a single prior art reference 'there is no anticipation' " (Walker v. General Motors Corporation, 362 F.2d 56, 58 (9th Cir. 1966)).

The Spillman patent discloses and claims an improved "coating material" (paint or plaster) containing methyl cellulose, Portland cement, suspended polyvinylacetate, lime "and if desired, further conventional fillers for such coating materials in such an amount that a mixture is obtained which is adapted to be applied as a coating or plaster." (Exhibit J) The description of the manner in which the "plaster" is obtained reveals that to the basic mixture the workman must add equal parts of sand and pulverized chalk whiting and if desired "further finely divided fibrous materials, such as saw dust may be added to the filler." A number of reasons why the Spillman patent does not meet the standard for anticipation quoted above are apparent, but we find it necessary only to hold that the inclusion of chalk and saw dust in the Spillman patent is sufficient to sustain the trial court's finding of no anticipation. That conclusion is clearly correct. We note, however, that much has been made of the difference, or lack of difference, between the "limestone" called for in patent in suit and the chalk called for in Spillman and other prior patents. Without belaboring the point, it should be sufficient to note that there is substantial evidence in the record to support the conclusion that limestone is granular in nature and performs an unique function in the patented mortar. There appears to be no dispute that chemical description of chalk is the same for limestone, but it is also apparent that the functional difference between the two products is substantial. The president of appellant corporation was apparently well aware of that distinction when he described at trial a formula which called for both chalk *and* limestone (RT 638:6–24). He later noted the distinguishing features of such materials in terms of weight (RT 642:18–

643:2). Before the Patent Office and before the trial court appellee has maintained that such a difference is material to the proper functioning of its product. The Patent Office and the trial court agreed with that assertion, and so do we. The other patents offered as proof of anticipation suffer from the same or similar distinctions and accordingly the finding of non-anticipation must be affirmed.

■■ Appellant next asserts that the patented mortar would have been obvious to one skilled in the relevant art and accordingly must be held invalid. That assertion brings into play Title 35 U.S.C. § 103 which was recently construed by the Supreme Court of the United States in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). Following that decision this Court emphasized the basic elements of the concept of obviousness:

"As the Supreme Court has recently pointed out, the basic factual background necessary to a determination of section 103 obviousness relates to three matters: (1) 'the scope and content of the prior art'; (2) 'differences between the prior art and the claims at issue'; and (3) 'the level of ordinary skill in the pertinent art.' [citation]" (Walker v. General Motors Corporation, supra, 362 F.2d at pg. 59).

In order to properly answer those questions this Court must know certain evidentiary facts which are not clearly resolved by the record in this case. Much of the prior art relied upon below relates to skills that can only be classed as collateral to the art of tile laying. Whether or not such collateral art comes within the scope of the prior art relevant to this case is initially a factual question to be resolved by the trial court.[2] Determination of that question of course requires an initial determination of the third element noted above in *Walker* (the level of ordinary skill in the pertinent art) in order to properly resolve the issue

**2.** In this regard see, Kitch, Graham v. John Deere Co.: New Standards for Patents, 1966 The Supreme Court Review 293, § V, pg. 335.

of how broad ranging an inquiry into the prior art is required. Finally, a specific determination of the differences between the prior art and the patents in question must be made. Only in the light of such basic factual determinations may this Court approach the ultimate legal question of obviousness under Title 35 U.S.C. § 103.

■ The Court below filed its original opinion in this case prior to the decision in Graham v. John Deere Co., supra, and thus did not have the benefit of the standards set forth in that opinion. Accordingly, the findings of fact in regard to the question of obviousness are too general to provide adequate answers to the initial factual questions which must underlie a finding of obviousness or non-obviousness. In light of the emphasis in *Graham* upon such a factual foundation, this case must be remanded for additional findings, and if required additional evidence, in light of the subsequent cases.

*United States Patent Number 2,990,382*

■ The problems raised by the attack upon the '382 patent are in most respects identical to those raised in regard to the '932 patent. It is plain from the record that the defense of anticipation is without merit and that the findings of fact in the court below are not sufficiently detailed to permit this Court to adequately judge the merits of the claim of obviousness.

Two remaining issues are apparent, either of which if resolved in appellant's favor, would require outright reversal of this case: (1) the claim that appellant's products do not infringe the patents even if valid; and (2) the contention that the patents were procured by fraud and are thus invalid. The trial court found both contentions to be without merit. We agree.

■ The claim of non-infringement rests upon the allegation that the form of cellulose gum used by appellant was not the equivalent of the cellulose gum utilized in the patented mortars. Appellant attempts to discredit the trial court's finding of equivalency by showing that the two gums are chemically different. Whatever tendency such a showing might have to rebut a defense of anticipation is not material here. In regard to a question of equivalency for infringement purposes, the question is one of function, not pure chemistry:

> " 'To temper unsparing logic and prevent an infringer from stealing the benefit of the invention' a patentee may invoke this doctrine to proceed against the producer of a device 'if it performs substantially the same function in substantially the same way to obtain the same result.' * * * The doctrine operates not only in favor of the patentee of a pioneer or primary invention, but also for the patentee of a secondary invention consisting of a combination of old ingredients which produce new and useful results * * *." (Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950)).

Functionally, the two gums would appear to be the same and the trial court so found. The major functional difference appears to be the different temperatures at which they may be used: the gum in the patented mortar "gels" at about 122° Fahrenheit, while the gum used by appellant will withstand progressively higher temperatures (See, e. g., RT 823:22–826:1). In terms of the tile setting art, that difference would appear to be immaterial and the trial court's conclusion to that effect is not clearly erroneous.

■ In regard to the alleged fraud on the Patent Office, appellant shifts its attack to the chemical *identity* of limestone and chalk and again glosses over the functional differences between the two materials. The record demonstrates that appellee's representations to the Patent Office regarding the difference between the two materials as *applied to mortars* was not misleading or fraudulent and the trial court's finding to that effect is plainly correct. In view of the necessity for remand, other issues raised

in this appeal are at this juncture premature.

The conclusion that the patents were not anticipated by the prior art is affirmed. The case is remanded to the trial court for additional findings of fact and conclusions of law on the question of obviousness in accordance with the views expressed in this opinion.