432 F.2d 272
 PACKAGE DEVICES, INC., Appellant,
v.
SUN RAY DRUG CO.
PACKAGE DEVICES, INC., Appellant,
v.
WYETH LABORATORIES DIVISION, AMERICAN HOME PRODUCTS CORPORATION.
PACKAGE DEVICES, INC., Appellant,
v.
OWENS-ILLINOIS GLASS COMPANY.
PACKAGE DEVICES, INC., Appellant,
v.
E. J. KORVETTE, INC.
 Nos. 18006-18009.
 United States Court of Appeals, Third Circuit.
 Argued June 15, 1970.
 Decided September 29, 1970.
 
 Edward M. Farrell, Bloom, Ocks, & Fisher, Philadelphia, Pa. (Herbert Fisher, Herman Bloom, Philadelphia, Pa., on the brief), for appellant.
 Arthur Raisch, Detroit, Mich. (John J. McAleese, Jr., Philadelphia, Pa., John R. Nelson, Toledo, Ohio, Synnestvedt & Lechner, Philadelphia, Pa., Barnes, Kisselle, Raisch & Choate, Detroit, Mich., on the brief), for appellees.
 Before BIGGS, McLAUGHLIN and STALEY, Circuit Judges.
 OPINION OF THE COURT
 BIGGS, Circuit Judge.
 
 
 1
 The appeals at bar, four in number, concern themselves with the validity and infringement of Claim 2 of Jesnig's United States Patent No. 2,620,938 for the design of a container finish and a container cap. The patent was held invalid as obvious and also was held to be not infringed by the district court. 301 F. Supp. 768 (E.D.Pa., 1969). It is unnecessary to set out Claim 2 in this opinion for it is fully and correctly described id. supra 771-772. The substantial issue presented has never been ruled on directly by this court though possibly related dicta is to be found in the able opinion of Judge Weber of the United States District Court for the Western District of Pennsylvania in Allen-Bradley Company v. Air Reduction Company, 273 F.Supp. 930, 941 (1967), aff'd per curiam by this court, 391 F.2d 282 (1968). The appellant rests its case on an interpretation of Section 103, 35 U.S.C.,[1] declared by the United States Court of Customs and Patent Appeals in Application of Palmquist, 319 F.2d 547, at 551, 51 CCPA 839 (1963), which held that the time at which the determination of "invention" is to be made is "the time the invention was made" and that the principles, established prior to the 1952 recodification of the patent laws, apply to the determination of obviousness under Section 103, 35 U.S.C. On the other hand, in Application of Foster, 343 F.2d 980, 52 CCPA 1808 (1965), cert. denied, 383 U.S. 966, 86 S.Ct. 1270, 16 L.Ed.2d 307 (1966), decided approximately two years later, that Court held that where the time bar of Section 102(b) is involved the actual date of the invention becomes irrelevant and the applicant cannot dispose of a reference having a date more than one year prior to his filing date. By this decision the Court of Customs and Patent Appeals expressly overruled its holding in Palmquist,[2] 343 F.2d at 989. Such were the contrasting conclusions of the Court of Customs and Patent Appeals. In his opinion, however, the trial Judge in the instance case did not refer to either of the cited cases but seems to have based his conclusions strictly upon the provisions of Section 103, 35 U.S.C., but used references which occurred after the date of Jesnig's invention. The appellant contends that the conclusions of the trial court were erroneous and seems to have bottomed its appeal on the issue of the validity of the patent on the holding in Palmquist.
 
 
 2
 The facts can be stated briefly as follows: Jesnig's invention date is February 4, 1947.[3] The date of filing of the '938 application was September 2, 1949, which would put the date of the statutory time bar at September 2, 1948. The appellant points out that the district court considered at least nine references relevant to Jesnig's "invention" as part of the prior art. These references have dates between February 4, 1947 and September 2, 1948, inclusive, and are as follows: Sale of Lumelite Caps, Seagrams, after February 10, 1947;[4] July 1947, sale of Kitchen Cap with Flexeal Finish; July 1947, filing date of abandoned Barnby application;[5] sale of Lumelite Caps, Seagrams, October 1947; February 1948, publication "Precocious Plastics";[6] May 1948, filing date of previous Jesnig Patent No. 2,576,416; after May 1, 1948, sale of Lumelite Caps (Kroger); and June 1948, filing date of Randlett Patent No. 2,576,416. No one of the listed references completely disclose the Jesniz invention, but the trial Judge concluded that in the aggregate they rendered the Jesnig invention obvious. We agree.
 
 
 3
 If the standard of Foster is correct the district court did not err in considering the foregoing items but if the test of Palmquist is applied, as contended for by the appellant the District Judge should have excluded all the items referred to in the preceding paragraph from his consideration.[7] The issue presented for our determination, therefore, on this phase of the instant case, is the point of time from which obviousness must be observed. The appellees contend that it is clear that the decision in Foster is correct, relying principally on the theory that the phrase "at the time the invention was made" was included in the 1952 statute to preclude the use of hindsight in deciding whether or not the invention is obvious.
 
 
 4
 Section 103, 35 U.S.C., speaks of a patent being obvious at the time of the invention date. Section 102(b) teaches that patents are invalid if published or described more than one year prior to the date of the patent application, i. e., there is a time bar of one year. Foster puts the obviousness test of Section 103 by implication into Section 102(b).
 
 
 5
 The district court in the case at bar correctly held, in substance, that the differences between the prior art and the claimed invention are to be determined by "the level of ordinary skill in the pertinent art", citing Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). It is clear, however, that Foster permits a multiplicity of prior art references which, added together, demonstrate obviousness. As stated previously there are prior art references published more than one year prior to the date of Jesnig's invention. If the doctrine of Foster be applied the patent at bar would be invalid for want of patentability if, as we have held, the references to the prior art, hereinbefore specifically referred to, constitute obviousness. As we have indicated the contrary would be the case if the Palmquist doctrine of a single reference be employed. At the risk of needless repetition and for the sake of clarity, we reiterate that what Foster teaches is that Section 102(b) containing the critical bar date of one year prior to the patent application as the time for determining patentability implicitly contains the obviousness test of Section 103. We believe that Foster was correctly decided and we deem it unnecessary to elucidate the facts of Foster and the reasoning of Judge Almond. We find his opinion to be clear and convincing, particularly when read in the light of the concurring and dissenting opinions and we think that we can add no cogency to it. Applying the Foster doctrine, we find that the Jesnig's invention was not patentable. We conclude that the District Court in bottoming its decision on Section 103 did not apply the correct standard of law but that it did reach the right result. We therefore hold Claim 2 of the patent in suit invalid on the ground that patentability was barred to Jesnig under Section 102(b) for the reasons stated.[8]
 
 
 6
 We think it unnecessary to write on the issue of infringement. We find the reasoning and the conclusion of the District Court to be correct.[9]
 
 
 7
 The judgment of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 Section 102, 35 U.S.C., provides in part:
 
 "Conditions for patentability; novelty and loss of right to patent.
 
 "A person shall be entitled to a patent unless —
 "(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or
 "(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, or * * *"
 Section 103, 35 U.S.C., provides:
 
 "Conditions for patentability; non-obvious subject matter.
 
 "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."
 
 
 [2]
 The governing principle ofApplication of Foster is succinctly stated in the dissenting opinion of Judge Smith (who wrote the opinion in Palmquist), 343 F.2d at 999.
 
 
 [3]
 See Finding of Fact 9. Cf. Finding No. 11, 301 F.Supp. at 770
 
 
 [4]
 It would appear from the record, however, that the Lumelite Caps, Seagrams, were sold as early as 1945. The point, however, is unimportant in view of our decision
 
 
 [5]
 The Barnby application was in no wise relied on by the district court as part of the prior art but was expressly rejected in the Court's consideration, and rightly so. 301 F.Supp. at 779
 
 
 [6]
 Four publications including "Precocious Plastics" were considered by the District Judge
 
 
 [7]
 The parties are agreed, as indeed they must be, both citing the Deere trilogy (Graham v. John Deere Co., 383 U.S. 1, 12-17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966)), that non-obviousness is a necessary condition for patentability and that this was made a statutory requirement by the 1952 Patent Act which codified a principle originally enunciated by the Supreme Court in 1851 in Hotchkiss v. Greenwood, 11 How. 248, 13 L.Ed. 683
 
 
 [8]
 There are, of course, decisions seemingly contrary to Application of Foster in other Circuits. See Walker v. General Motors Corp., 362 F.2d 56, 58 (9 Cir. 1966); Ceramic Tilers Supply Inc. v. Tile Council of America, Inc., 378 F.2d 283, 284 (9 Cir. 1967); McCullough Tool Co. v. Well Surveys, Inc., 343 F.2d 381, 398 (10 Cir. 1965); and Soundscriber Corp. v. United States, 360 F.2d 954, 960, 175 Ct.Cl. 644 (1966)
 
 
 [9]
 In view of our decision we find it unnecessary to deal with any issue that could be raised by Jesnig 2,587,327, cited in the text of the patent in suit. See 301 F.Supp. at 770 and 778. The contentions of the appellees as to the disclosures of this patent are not clear