**STOCKTON WIRE PRODUCTS, INC.,
et al., Appellants,**

v.

**K–LATH CORPORATION, Appellee.**

**No. 24681.**

United States Court of Appeals,
Ninth Circuit.

April 8, 1971.

Ford Harris, Jr. (argued), of Harris, Kiech, Russell & Kern, Los Angeles, Cal., for appellant.

R. Douglas Lyon (argued), of Lyon & Lyon, Los Angeles, Cal., for appellee.

Before: CHAMBERS and KOELSCH, Circuit Judges, and FREY,* District Judge.

PER CURIAM:

Plaintiffs appeal from a summary judgment dismissing their patent infringement suit on the grounds that claims one and four of their Patent No. 3,175,330 were obvious as a matter of law and hence invalid.

This court has often cautioned that relatively rare is the suit in which summary judgment is warranted; and the observation is especially relevant to litigation involving patentability of a mechanical device. Northrop Architectural Systems, a corp., v. Lupton Mfg. Co., a corp., 437 F.2d 889 (9th Cir. 1971).

However, this appeal reveals one of those infrequent instances where the conclusion is manifest—as it was in Walker v. General Motors Corp., 362 F. 2d 56 (9th Cir. 1966) and Ashcroft and Engle v. Paper Mate Mfg. Co., 434 F.2d 910 (9th Cir. 1970)—that "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." Rule 56(c) F.R.Civ.P.

The patent in suit (herein the '330 Patent) relates to a device commonly known in the building trade as a "bead." "Beads" are lattice-like strips constructed of wood or wire and useful for supporting plaster on a wall or other surface.

The '330 Patent discloses two forms —a "corner" bead and a "screed" bead; each is made of wire and is formed with a U-shaped projection which runs lengthwise along its center.

Beads similar to those of the '330 Patent are old in the art. The essential point of difference between the '330 Patent bead and the beads shown in several prior art patents, brought before the court on defendant's motion for summary judgment, lies in the number of wires or rods which they respectively bear. Thus, the '330 Patent claims a "plurality" of wires separated from each other and extending lengthwise along the sides of the U-shaped projection, while the prior art patents disclose only a single wire or rod. As a result, the '330 Patent device affords a better support for plaster, than any shown in the prior art, for the interstices between the "plurality" of wires provide many seats for the plaster (comparable to the spaces

---

* Honorable William C. Frey, United States District Judge, Tucson, Arizona, sitting by designation.

created when several ordinary wood laths are applied to a wall) and the prior art devices afford none.

But even granting that the '330 Patent device was new and useful, can any doubt exist that the differences between it and the prior art were such that the subject matter as a whole would not have been obvious at the time the invention was made "to a person having ordinary skill in the art to which said subject matter pertains." (35 U.S.C. § 103.) We think not.

Affirmed.